*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**UNITED STATES**
Appellant

**v.**

**Gavin B. ATCHAK, Airman Basic**
United States Air Force, Appellee

**No. 16–0054**
Crim. App. No. 38526

Argued February 23, 2016—Decided April 12, 2016

Military Judges: Michael A. Lewis and Mark L. Allred

For Appellant: *Captain J. Ronald Steelman III* (argued); *Colonel Katherine E. Oler* and *Gerald R. Bruce,* Esq. (on brief).

For Appellee: *Captain Michael A. Schrama* (argued); *Captain Travis L. Vaughan* (on brief); *Major Isaac C. Kennen.*

Judge RYAN delivered the opinion of the Court, in which Chief Judge ERDMANN, Judges STUCKY and OHLSON, and Senior Judge COX, joined.

———————

Judge RYAN delivered the opinion of the Court.

A military judge sitting as a general court-martial convicted Appellee, consistent with his pleas, of two specifications of violating a lawful order, one specification of dereliction of duty, and three specifications of aggravated assault in violation of Articles 92 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 928 (2012). Appellee was sentenced to thirty-six months of confinement, forfeiture of all pay and allowances, and a bad-conduct discharge. The convening authority approved the sentence as adjudged. The United States Air Force Court of Criminal Appeals (AFCCA) set aside and dismissed the three specifications of aggravated assault and reduced Appellee's sentence to eight months of confinement and a bad-conduct discharge. *United States v. Atchak*, No. ACM 38526, 2015 CCA LEXIS 328, at *41, 2015 WL 5139087, at *13 (A.F. Ct. Crim. App. Aug. 10, 2015) (unpublished).

The Judge Advocate General certified the following issue:

Whether the Air Force Court of Criminal Appeals erred in setting aside and dismissing the

specifications of aggravated assault without authorizing the convening authority to order a rehearing for the lesser included offenses of assault consummated by a battery.

We answer the certified question in the negative: the plain language of Article 66(d), UCMJ, 10 U.S.C. § 866(d), provides that when a CCA sets aside findings, it "*may* … order a rehearing," and if it does not, "it *shall* order that the charges be dismissed." *Id.* (emphasis added). We decline the Government's invitation to transform the permissive statutory "may" into a mandatory "must." *See United States v. Rodgers*, 461 U.S. 677, 706 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion."). The only command under Article 66(d), UCMJ, is that a CCA must dismiss charges when it does not authorize a rehearing on a finding it has disapproved. *Cf. Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("Congress' use of the permissive 'may' … contrasts with the legislators' use of a mandatory 'shall' in the very same section."). Nor was the AFCCA's action an abuse of discretion or miscarriage of justice.

## I. FACTS

After learning of his HIV-positive status and receiving a "Preventative Measures Requirements Order" requiring Appellee "to verbally inform sexual partners that he was HIV positive prior to engaging in sexual relations and to use proper methods to prevent the transfer of bodily fluids during those relations," *Atchak*, 2015 CCA LEXIS 328, at *3–4, 2015 WL 5139087, at *1, Appellee engaged in unprotected sexual acts with two servicemembers.

In January or February 2012, Appellee and Airman First Class (A1C) W drank vodka in Appellee's dorm room, and both became intoxicated. Appellee either passed out or fell asleep on his bed. A1C W, who was sitting in a chair next to Appellee, stood up but then felt dizzy, so he lay down on the bed next to Appellee. According to the stipulation of fact, Appellee leaned over A1C W and said "no homo," and "while [A1C W] was lying on the bed, he noticed that [Appellee] had his mouth on [A1C W's] penis." A1C W pushed Appellee off and left the dorm room. A1C W was aware of Appellee's HIV-positive status prior to this incident.

On July 17, 2012, Appellee had unprotected oral and anal sex with A1C L.[1] A1C L may have been unaware of Appellee's HIV-positive status during their first sexual encounter but learned of it prior to having unprotected anal sex with Appellee on two later occasions.

The above encounters served as the basis for both the Article 92, UCMJ, orders violation specifications and the specifications of aggravated assault with a means likely to produce death or grievous bodily injury in violation of Article 128, UCMJ, to which Appellee pleaded guilty. An individual cannot consent to aggravated assault. *United States v. Bygrave*, 46 M.J. 491, 493 (C.A.A.F. 1997). During the providence inquiry, the military judge explained that consent was not a defense to aggravated assault under the circumstances, and Appellee stated that he understood. The Government did not address the issue of consent beyond what the military judge explained to Appellee.

## II. AFCCA DECISION

The aggravated assault charges were brought prior to this Court's decision in *United States v. Gutierrez*, in which this Court held that grievous bodily harm was not "likely" to occur in the context of HIV exposure when there was a 1-in-500 chance of transmission. 74 M.J. 61, 66–67 (C.A.A.F. 2015). On appeal, the AFCCA held that in light of this Court's decision in *Gutierrez*, 74 M.J. 61, there was a substantial basis in law for questioning Appellee's pleas to the aggravated assault specifications. *Atchak*, 2015 CCA LEXIS 328, at *4–18, 2015 WL 5139087, at *3–6. The AFCCA held that "the uncontroverted evidence is that [Appellee's] risk of transmitting HIV under all these circumstances was even lower than the risk found insufficient in *Gutierrez*." *Atchak*, 2015 CCA LEXIS 328, at *9, 2015 WL 5139087, at *3; *see also id.* at *13–15, *16–17, 2015 WL 5139087, at *4–5, *6. As a result, Appellee's conduct did not satisfy the "means likely to produce death or grievous bodily harm" element as construed by *Gutierrez*. *Atchak*, 2015 CCA LEXIS 328, at *9, *13–15, *16–17, 2015 WL 5139087, at *3, *4–5, *6.

Furthermore, the AFCCA held that, in light of the record, it could not affirm a conviction of the lesser included offense (LIO) of assault consummated by battery for any of the aggravated assault specifications because informed consent

---

[1] A1C L is also referred to as AB W in the record.

is a defense to that offense. *Atchak*, 2015 CCA LEXIS 328, at
*10–12, *15–16, *17–18, 2015 WL 5139087, at *4, *5, *6; *see
also United States v. Greaves*, 40 M.J. 432, 433 (C.M.A.
1994). First, the military judge failed to explore the issue of
consent as a defense to assault consummated by a battery
with Appellee. Second, although the parties stipulated that
A1C L did not know about Appellee's HIV status prior to
their first sexual encounter, according to the AFCCA, "the
record is not clear about when A1C L learned of [Appellee's]
HIV status." *Atchak*, 2015 CCA LEXIS 328, at *15, 2015 WL
5139087, at *5. Finally, with respect to whether A1C W was
substantially incapable of declining to participate in the
sexual activity, the AFCCA found that "the record is not
clear about whether [Appellee] engaged in sexual contact
with A1C W while he was asleep and thus incapable of con-
senting, nor were the legal ramifications of contact with a
sleeping person explained to [Appellee]." *Atchak*, 2015 CCA
LEXIS 328, at *12, 2015 WL 5139087, at *4.

### III. DISCUSSION

The Government asks this Court to order the AFCCA to
authorize a rehearing so that it may have the opportunity to
prove the LIOs of assault consummated by battery.

We review questions of statutory interpretation de novo.
*United States v. Vargas*, 74 M.J. 1, 5 (C.A.A.F. 2014). Article
66(d), UCMJ, provides:

> If the [CCA] sets aside the findings and sen-
> tence, it may, except where the setting aside is
> based on lack of sufficient evidence in the record
> to support the findings, order a rehearing. If it
> sets aside the findings and sentence and does
> not order a rehearing, it shall order that the
> charges be dismissed.

The text of Article 66(d), UCMJ, does not obligate a CCA
to authorize a rehearing. The statute says that a CCA *may*
order a rehearing; it does not say that it must. "May" is a
permissive term, *see United States v. Moss*, 73 M.J. 64, 68
(C.A.A.F. 2014), and indicates that Congress intended to
provide the CCAs with discretion on this point. *See United
States v. Henderson*, 52 M.J. 14, 20 (C.A.A.F. 1999). Al-
though "[t]his common-sense principle ... can be defeated by
indications of legislative intent to the contrary or by obvious
inferences from the structure and purpose of the statute,"
*see Rodgers*, 461 U.S. at 706 (internal citations omitted),
there are no such indications or inferences here.

It is true that, when a substantial basis is found to question the providence of a plea, this Court routinely authorizes a rehearing after setting aside findings. *See, e.g., United States v. Riley*, 72 M.J. 115, 122 (C.A.A.F. 2013); *United States v. Martinelli*, 62 M.J. 52, 68 (C.A.A.F. 2005); *United States v. Negron*, 60 M.J. 136, 143–44 (C.A.A.F. 2004). But this Court is not charged with reviewing the entire record and making an independent assessment of the evidence, *see United States v. Leak*, 61 M.J. 234, 241 (C.A.A.F. 2005), and the fact that this Court authorizes rehearings does not overcome the statutory language and obligate the CCAs to authorize a rehearing under Article 66(d), UCMJ, when they set aside findings.

Although this appears to be an issue of first impression, we generally review a CCA's action under Article 66, UCMJ, for an abuse of discretion. *See, e.g.*, *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013). In this case, there is no indication that the AFCCA was unaware of the option to remand for a rehearing on the findings it set aside. Indeed, the Government essentially demanded that the AFCCA grant such a rehearing in its motions for reconsideration and reconsideration en banc. Nor, given the AFCCA's assessment of the state of the record on the question of consent, the state of the law on consent as a defense to assault consummated by a battery, *see United States v. Riggins*, 75 M.J. 78, 83–84 (C.A.A.F. 2016), and the CCAs' ability to independently assess the facts, *see United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990), was the AFCCA's decision not to order a rehearing to permit the Government to try and prove the LIO of assault consummated by a battery an abuse of discretion. *Cf. United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000) ("We will only disturb the [lower court's] reassessment in order to prevent obvious miscarriages of justice or abuses of discretion." (alteration in original) (citation omitted) (internal quotation marks omitted)).

## IV. JUDGMENT

The certified question is answered in the negative, and the decision of the United States Air Force Court of Criminal Appeals is affirmed.