*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

───────────────

## UNITED STATES
Appellee

**v.**

## Shane E. REESE, Aviation Maintenance Technician First Class
United States Coast Guard, Appellant

### No. 17-0028
Crim. App. No. 1422

Argued March 16, 2017—Decided June 14, 2017

Military Judge: Christine N. Cutter

For Appellant: *William E. Cassara*, Esq. (argued*)*; *Lieutenant Jason W. Roberts* (on brief).

For Appellee: *Lieutenant Tereza Z. Ohley* (argued*)*; *Stephen P. McCleary*, Esq. (on brief).

Chief Judge ERDMANN delivered the opinion of the court, in which Judges STUCKY, RYAN, OHLSON, and SPARKS, joined.

───────────────

Chief Judge ERDMANN delivered the opinion of the court.

Contrary to his pleas, a military judge sitting as a general court-martial convicted Aviation Maintenance Technician First Class Shane E. Reese of making a false official statement, sexual abuse of a child, and a general disorder for making a statement to a child that was of a nature to bring discredit upon the armed forces, in violation of Articles 107, 120b, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 920b, 934 (2012). Consistent with his pleas, Reese was also convicted of making additional false official statements, as well as wrongfully using, possessing, and distributing marijuana, in violation of Articles 107 and 112a, UCMJ, 10 U.S.C. §§ 907, 112a, (2012). Reese was sentenced to a dishonorable discharge, five years of confinement, and a reduction to E-1. The convening authority approved the sentence as adjudged and the United

States Coast Guard Court of Criminal Appeals (CCA) affirmed the findings and sentence. *United States v. Reese*, No. 1422, slip op. at 7 (C.G. Ct. Crim. App. Aug. 22, 2016).

Rule for Courts-Martial (R.C.M.) 603(d) provides that "[c]hanges or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification affected is preferred anew." We granted review in this case to determine two issues.[1] First, we must decide whether the military judge erred when he held that a change to Specification 3 of Charge III on the third day of trial was a minor change and, if so, what effect that error had. Second, we must consider whether the "novel"[2] offense charged under Article 134, UCMJ, either was barred by pt. IV, para. 60.c.(6)(c) of the *Manual for Courts-Martial, United States* (2012 ed.) (*MCM*), or failed to allege words of criminality. We hold that the change to Specification 3 of Charge III was a major change and, because Reese objected to the change at trial and the charge was not preferred anew, it was without legal basis. Additionally, we hold that since the "novel" Article 134 offense alleged the crime of obstructing justice, it was not a

---

[1] We granted review of the following issues:

> I. Whether the military judge erred in allowing the government to make a major change to a specification after the complaining witness's testimony did not support the offense as originally charged.

> II. Whether the specification of the additional charge fails to state an offense where the terminal element failed to allege words of criminality and where the alleged conduct fell within a listed offense of Article 134, UCMJ.

[2] The parties referenced an Article 134 offense not listed under Article 134 but drafted to address the circumstances of a particular case as a "novel" Article 134 offense. This term was first used in *United States v. Martinson*, 21 C.M.A. 109, 44 C.M.R. 163 (1971), for the same purpose. In *Martinson* the accused was charged with attempting to damage a jet engine under Article 80, UCMJ, 10 U.S.C. § 880, but was found guilty by a military judge of a lesser included "novel" Article 134 offense crafted by the military judge by exceptions and substitutions. This practice is currently authorized in *MCM* pt. IV, para. 60.(6)(c); *see infra* pp. 8–9.

proper charge under pt. IV, para. 60.c.(6)(c) of the *MCM*.[3]
We therefore set aside and dismiss Specification 3 of Charge
III and the Specification of the Additional Charge and the
Additional Charge and remand the case to the CCA for a
sentence reassessment or rehearing.

## BACKGROUND

This case arose when four-year-old EV made certain
statements and gestures to his parents which indicated he
had been sexually molested by Reese. After an Article 32,
UCMJ, 10 U.S.C. § 832 (2012), investigation, several charges
were referred to a general court-martial, including Specifica-
tion 3 of Charge III (lewd act), and the Specification of the
Additional Charge, which alleged a "novel" obstruction of
justice offense under Article 134, UCMJ. As the substantive
facts underlying the offenses are not at issue in this appeal,
they need not be further addressed.

## DISCUSSION

I. <u>Whether the change to Specification 3 of Charge III is
a major or minor change</u>

Reese was charged with committing a lewd act upon EV,
a child under the age of twelve, "by licking the penis of [EV]
with [Reese's] tongue." Two days prior to trial, the govern-
ment and defense interviewed EV for the first time at a dep-
osition. During the deposition, EV testified that Reese had
not touched EV's penis with his mouth, but that Reese had
touched EV's penis with his hand. Two days later at trial,
EV testified substantially the same as he did during his
deposition as to the factual basis for this charge.

After a weekend recess, the government moved the court
for what it argued was a minor change to the charge sheet.
Specifically, the government moved to amend Specification 3
of Charge III from "licking the penis of EV with [Reese's]
tongue" to "touching the penis of [EV] with [Reese's] hand."
The defense objected to the change, asserting it was a major
change because it added a new matter not previously con-

---

[3] As we resolve this issue based on the language of pt. IV, para.
60.c.(6)(c), we need not address Reese's argument that the charge
lacked words of criminality.

templated by the original charge and established a different means of accomplishment. Over the defense's objection, the military judge determined the change was minor. In holding so, the military judge found that:

> This variance does not add a party, [and] does not change or add an offense, which remains sexual abuse of a child. It does not contain a matter that was not a substantial matter not fairly included in those previously preferred. Nor do I find that it was likely to mislead the accused as to the offense charged. The date, time, subject matter of the offense remains the same. The part of the body that was touched on the complaining witness remains the same. It is a foreseeable possibility that ... what is pled to [and] what develops at trial will [differ] ... as it has done so in this case. All of the parties were alerted to that possibility during the pretrial deposition of the complaining witness. The court finds that changing the words "licking" to "touching" and the words "tongue" to "hand" are a minor change .... If defense desires to recall witnesses already released based on this ruling they can bring that to my attention.

In a later separate written ruling, the military judge added that:

> The complaining witness has always alleged only one incident of sexual abuse with the accused.... [and] any body part of the accused used with the requisite intent will satisfy the first element of Article 120b UCMJ. Proof of a particular body part used to accomplish the "sexual contact" does not compromise the offense but merely serves as proof that a body part of the accused was used to affect the "sexual contact."
>
> ....
>
> [Further, t]he record does not show that the accused was surprised by the discrepancy in proof preceding the government motion....
>
> The defense motion shows the accused chose to make tactical decisions related pleas, forum choice, cross[-]examination of witnesses after hearing the 11 November 2014 deposition of EV in which he described the manner the accused touched his penis (with hand) and after participating in a fully litigated M.R.E. 807 motion in July, regarding state-

ments of EV, some of which were consistent with touch by a hand to his penis. Defense can therefore not claim surprise as the variance was foreseeable based on pre-trial proceedings. That the defense chose for tactical reasons [to] take certain actions based on the body part alleged in the specification does not convert a minor change into a major change.

Before this court, Reese argues that the military judge erred when she determined that the change sought by the government to Specification 3 of Charge III, was a minor change. As at trial, Reese contends that the change allowed by the military judge altered the means of committing the offense and that the change was not fairly included in the previously preferred specification. The government counters that the military judge correctly determined that the change was minor, stating that the charge "alleged the same offense ... by the same accused ... against the same person ... on the same date," and that "the part of EV's body touched by Appellant ... remained the same." Whether a change made to a specification is minor is a matter of statutory interpretation and is reviewed de novo. *United States v. Atchak*, 75 M.J. 193, 195 (C.A.A.F. 2016).

R.C.M. 603(a) provides that "[m]inor changes in charges and specifications are any except those which add a party, offenses, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged." *United States v. Moreno*, 46 M.J. 216, 218 (C.A.A.F. 1997). The R.C.M. 603(a) Discussion clarifies what constitutes a minor change and includes, inter alia, "those [changes] necessary to correct inartfully drafted or redundant specifications; to correct a misnaming of the accused; to allege the proper article; or to correct other slight errors."

We have previously held that a change is minor so long as "no additional or different offense is charged ... and if substantial rights of the defendant are not prejudiced." *United States v. Sullivan*, 42 M.J. 360, 365 (C.A.A.F. 1995) (internal quotation marks omitted) (citations omitted).

> The first prong usually is satisfied if the charge is altered to allege a lesser-included offense....

> ... The second prong is satisfied if the amendment does not cause unfair surprise. The evil to be avoided is denying the defendant notice of the charge against him, thereby hindering his defense preparation.

*Id.*

R.C.M. 603(d) goes on to provide that, when "[c]hanges or amendments to charges or specifications other than minor changes [are] made over the objection of the accused ... the charge or specification affected [must be] preferred anew." *See also United States v. Girouard*, 70 M.J. 5, 13–14 (C.A.A.F. 2011).

The defense's primary arguments that the change was major are that it altered the means of committing the offense and that the change was not fairly included in the original specification. We agree. As noted earlier, the R.C.M. 603(a) Discussion indicates that a minor change is merely intended to allow the government the freedom to correct small errors such as "inartfully drafted or redundant specifications ... misnaming of the accused ... or to correct other *slight* errors." (Emphasis added.) While changing the means by which a crime is accomplished may constitute a slight error under the appropriate circumstances, those circumstances are not present here. *See, e.g.*, *United States v. Murray*, 43 M.J. 507, 511 (A.F. Ct. Crim. App. 1995). Indeed, it appears from the record that the government itself acknowledged the difference between the charges when they styled the change as a "new charge that came up."

Nor do we believe that an allegation of sexual touching with a hand is fairly included in an offense akin (though not identical) to oral sodomy of a child. While the military judge noted that it would be an unusual circumstance where the accused could lick the penis of a complaining witness without some initial form of touch, that does not answer the altogether different question of whether Reese was on notice that he would need to defend against a touching charge, since it was not alleged. As counsel for Reese noted during arguments before this court, a touching with the hand could have readily been argued as accidental. There is no such defense to the charge as initially alleged. Given the different

nature of the two offenses and the dissimilar defenses available for each, we are not persuaded the change was minor.

The government goes on to argue that Reese was on notice of the potential change in the charge because he was aware of the nature of EV's testimony. This argument, however, is unconvincing. Despite learning that its evidence on this charge was not legally sufficient two days before trial, for some reason the government chose not to amend the charge. There is no dispute that the government controls the charge sheet and that Reese was on notice that he had to defend against an allegation that he licked the complaining witness's penis. The defense was entitled to rely on the charge sheet and the government's decision not to amend the charge sheet prior to trial.[4]

We have previously held that a change is minor when "no additional or different offense is charged ... and *if substantial rights of the defendant are not prejudiced*." *Sullivan*, 42 M.J. at 365 (emphasis added) (internal quotation marks omitted) (citations omitted). Accordingly, our past analyses in this area of the law required a showing of prejudice before we could grant relief. *See id.*; *see also United States v. Smith*, 49 M.J. 269, 270 (C.A.A.F. 1998); *United States v. Brown*, 34 M.J. 105, 109 (C.M.A. 1992); *United States v. Johnson*, 12 C.M.A. 710, 711, 31 C.M.R. 296, 297 (1962).

R.C.M. 603(d), however, states that "[c]hanges or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification affected is preferred anew." We apply ordinary rules of statutory construction in interpreting the R.C.M. *See United States v. Muwwakkil*, 74 M.J. 187, 194 (C.A.A.F. 2015); *United States v. Custis*, 65 M.J. 366, 370 (C.A.A.F. 2007).

> The Supreme Court has stated time and again that courts must presume that a legislature says in a

---

[4] We also note that, given the disparity between the evidence and the specification as charged, we are further convinced that a motion for a finding of not guilty would have been granted had it been raised. R.C.M. 917(a). The Government simply could not have proven the original specification based on the evidence adduced at trial.

statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.

*United States v. Sager*, 76 M.J. 158, 161 (C.A.A.F. 2017) (internal quotation marks omitted) (citation omitted). The plain language of R.C.M. 603(d) does not discuss prejudice. Rather, if a change is "major," it provides that such change cannot be made over defense objection unless the charge is "preferred anew." The practical effect is that if a change is major and the defense objects, the charge has no legal basis and the court-martial may not consider it unless and until it is "preferred anew," and subsequently referred. *See* R.C.M. 201(b)(3). To the extent our precedent has required a separate showing of prejudice under these circumstances, it is overruled: absent "preferr[al] anew" and a second referral there is no charge to which jurisdiction can attach, and Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2012), is not, in fact, implicated. *See Sager*, 76 M.J. at 161; *Sullivan*, 42 M.J. at 365; *Smith*, 49 M.J. at 270; *Brown*, 34 M.J. at 109; *Johnson*, 12 C.M.A. at 711, 31 C.M.R. at 297.

## II. Novel Charge under Article 134, UCMJ

The government referred a "novel" Article 134, UCMJ, charge against Reese, which alleges in pertinent part that Reese made:

> a statement to [EV], a four year old child ..., to wit: "that if he [EV] told anyone what he [Reese] had done to [EV] that [Reese and his wife] would go to jail" or words to that effect, and that such conduct was of a nature to bring discredit upon the armed forces.

Reese argues that the offense as drafted is barred by pt. IV, para. 60.c.(6)(c) of the *MCM* and also that the charge lacks words of criminality. The government concedes that the specification was intended to charge the offense of obstructing justice and Reese points out that pt. IV, para. 96 of the *MCM* already contains an offense of "Obstructing justice" which lists four elements.[5] The government responds

---

[5] The elements of Article 134, "Obstructing justice," are as follows:

1. That the accused wrongfully did a certain act;

that the charge properly states an obstructing justice offense.

Part IV, para. 60.c.(6)(c) of the *MCM* states "[i]f conduct by an accused does not fall under any of the listed offenses for violations of Article 134 in this Manual (paragraphs 61 through 113 of this Part) a specification not listed in this Manual may be used to allege the offense." "Although Manual explanations of codal offenses are not binding on this Court, they are persuasive indications of how the President, as head of the Executive Branch of Government, perceives an offense, including limitations on the Executive power that are not required by the Code or other applicable law." *United States v. Miller*, 47 M.J. 352, 356 (C.A.A.F. 1997) (internal quotation marks omitted) (citation omitted); *accord United States v. Miller*, 67 M.J. 87, 89 (C.A.A.F. 2008). This clear language of pt. IV, para. 60.c.(6)(c) does not allow the government to charge a "novel" offense if the offense is otherwise listed as an Article 134, UCMJ, offense. *See Sager*, 76 M.J. at 161.

In response to Reese's reliance on pt. IV, para. 60.c.(6)(c), the government interprets Reese's position as a preemption argument and argues that the doctrine of preemption is inapplicable to this situation. In making this preemption argument, however, the government relies on pt. IV, para. 60.c.(5)(a), which prohibits the government from using Article 134, UCMJ, to charge offenses that are listed in the UCMJ *outside* of Article 134. Preemption under pt. IV, para. 60.c.(5)(a) is distinct from the provisions of pt. IV, pa-

---

2.  That the accused did so in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending;

3.  That the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice; and

4.  That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*MCM* pt. IV, para. 96.b.

ra. 60.c.(6)(c). Part IV, para. 60.c.(6)(c) prohibits the government from using a "novel" specification to allege an Article 134 offense that is already listed *inside* the article's framework. That is exactly what the government did in this case and we adopt the President's persuasive interpretation of Article 134 on this point.[6] Accordingly, the Additional Offense was barred by pt. IV, para. 60.c.(6)(c) and therefore fails to state an offense under the UCMJ.

## DECISION

The decision of the United States Coast Guard Court of Criminal Appeals regarding Charge III, Specification 3, the Additional Charge and its Specification, and the sentence, are reversed. The findings as to Charge III, Specification 3 and the Additional Charge and its Specification are set aside and those offenses are dismissed. The remaining findings are affirmed. The record is returned to the Judge Advocate General of the Coast Guard for remand to the Court of Criminal Appeals to either reassess the sentence based on the affirmed findings or order a sentence rehearing.

---

[6] Not only is such action barred under pt. IV, para. 60.c.(6)(c), the manner in which the novel charge was drafted in this case creates an additional problem. As correctly noted by Judge Bruce at the CCA:

> By using a novel specification, the Government relieved itself of having to prove the second and third elements of obstructing justice. Part IV, Paragraph 96b.(2) and (3). Those elements relate to proof that the conduct was in the case of a person against whom the accused had reason to believe there would be criminal proceedings, and that the conduct was intended to influence, impede, or otherwise obstruct justice.

*Reese*, No. 1422, slip op. at 10–11 (Bruce, J., concurring in part and dissenting in part). While undoubtedly unintentional on the part of the government, the "novel" specification in this case reduced the government's burden of proof and illustrates the purpose of pt. IV, para. 60.c.(6)(c).