# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant STEPHEN M. WILLIAMS**
**United States Army, Appellant**

ARMY 20160006

Headquarters, Fort Carson
Lanny J. Acosta, Jr., Military Judge
Colonel Gregg A. Engler, Staff Judge Advocate

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Major Christopher D. Coleman, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Captain Bryan A. Osterhage, JA; Captain Joshua B. Fix, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain John Gardella, JA (on brief).

31 August 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of one specification of absence from his unit for over thirty days terminated by apprehension in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2012) [hereinafter UCMJ]. The military judge also convicted appellant, contrary to his plea, of one specification of larceny of property of a value greater than $500.00, in violation of Article 121, UCMJ. The military judge sentenced appellant to a bad-conduct discharge, confinement for eighteen months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged. The convening authority also credited appellant with nineteen days confinement credit against the sentence to confinement.

WILLIAMS—ARMY 20160006

This case is before us for review under Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion and relief, and one which is rendered moot by our decision in this case. In particular, appellant argues that the military judge committed error when he allowed the trial counsel to amend the larceny specification upon which appellant was convicted, such amendment constituting a major change to the specification in violation of Rule for Court Martial [hereinafter R.C.M.] 603. We agree and provide relief in our decretal paragraph. Appellant's personal submissions pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), other than the issue discussed below, do not warrant relief.

## BACKGROUND

Appellant was originally charged, *inter alia*, with the following violation of the UCMJ:

CHARGE II: Violation of the UCMJ, Article 121.

. . . .

Specification 3: In that [appellant], U.S. Army, did, at or near Fort Carson, Colorado and at or near Fort Leonard Wood, Missouri, between on or about 20 January 2013 and on or about 16 February 2013, steal U.S. Currency, of a value greater than $500, the property of Military Star Exchange Credit Program.

At trial, the military judge amended the above specification, over defense objection, to read:

CHARGE II: Violation of the UCMJ, Article 121.

Specification 3: In that [appellant], U.S. Army, did, at or near Fort Carson, Colorado and at or near Fort Leonard Wood, Missouri, between on or about 20 January 2013 and on or about 16 February 2013, steal cards, of a value greater than $500, the property of Military Star Exchange Credit Program.

The military judge found appellant guilty of the above specification. We agree with appellant that the change in the specification from larceny of "currency" to larceny of "cards" was a major change. It is true, as the government argues, that appellant was on notice of the conduct he was accused of committing from the discovery materials and bill of particulars provided by the government—stealing gift

2

cards purchased with a Military Star Card. It is also true that appellant was given a continuance by the military judge to investigate the amended specification, so he was not surprised on the day of trial regarding the conduct he was defending against. However, the application of R.C.M. 603 against the backdrop of recent case law from our superior court leads us to the conclusion that the change to Specification 3 of Charge II constituted a major change.

## LAW AND DISCUSSION

In pertinent parts, R.C.M. 603 reads:

> Rule 603. Changes to charges and specifications
>
> (a) *Minor changes defined.* Minor changes in charges and specifications are any except those which add a party, offenses, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged.
>
> . . . .
>
> (d) *Major changes.* Changes or amendments to charges or specifications other than minor changes may not be made over the objection of the accused unless the charge or specification affected is preferred anew.

R.C.M. 603(a), (d).

In *United States v. Reese*, our superior court applied ordinary rules of statutory construction in interpreting R.C.M. 603 and stated, "To the extent our precedent has required a separate showing of prejudice under these circumstances [a major change over defense objection], it is overruled: absent 'preferral anew' and a second referral there is no charge to which jurisdiction can attach, and Article 59(a), UCMJ, is not, in fact, implicated." 76 M.J. 297, 302 (C.A.A.F. 2017) (internal citation omitted).

In this case, appellant's conduct consisted of stealing gift cards by using a Military Star Card account he set up in the name of one of his subordinates, a Specialist Williams, and designating himself as an authorized user of the card. There is no doubt that appellant did not steal U.S. currency as charged in the original specification. It is also clear that there is a difference between U.S. currency and gift cards. On its face the amended specification adds a substantial matter not fairly included in the original charge, namely what was stolen. While they could be used for the same purposes, gift cards are not U.S. currency. This

3

change is not of the type to amend "trivial mistakes." *United States v. Longmire*, 39 M.J. 536, 538 (A.C.M.R. 1994). This change to the specification was a major change.

It is not dispositive that appellant actually knew the basis for Specification 3 of Charge II was the larceny of "cards" and not "U.S. currency" because a prejudice analysis under these circumstances is no longer appropriate after *Reese*. What is dispositive is that the change to Specification 3, made over defense objection, added a substantial matter not fairly included in the original charge, thus rendering it a major change under R.C.M. 603(a). "The practical effect is that if a change is major and the defense objects, the charge has no legal basis and the court-martial may not consider it unless and until it is 'preferred anew,' and subsequently referred." *Reese*, 76 M.J. at 301 (quoting R.C.M. 603(d)).

Appellant also alleges his defense counsel were ineffective by alerting the government to a factual impossibility in the government's case (i.e., that appellant did not steal "U.S. currency") before jeopardy attached. This assignment of error is directly related to the same Specification 3 of Charge II discussed above and is moot in light of our decision.

## CONCLUSION

The findings of guilty of Specification 3 of Charge II are set aside. The remaining findings of guilty are affirmed. The sentence is set aside. The case is returned to the same or a different convening authority. A rehearing is directed on Specification 3 of Charge II and the sentence. If the convening authority determines that a rehearing on that specification is impracticable, the convening authority may dismiss that specification and charge, and order a rehearing on the sentence only. If the convening authority determines that a rehearing on the sentence is likewise impracticable, the convening authority may take any other lawful action.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4