# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MARCOS D. VEGA**
**United States Army, Appellant**

ARMY 20180467

Headquarters, Fort Carson
Steven C. Henricks, Military Judge
Colonel Robert A. Borcherding, Staff Judge Advocate

For Appellant: Lieutenant Colonel Todd W. Simpson, JA; Captain Rachele A. Adkins, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.4, no response filed.

8 March 2019

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

We write to highlight the exceptional job by a military judge during the providence inquiry of an accused whose pretrial agreement involved an offer to plead guilty to an unpreferred and unreferred charge and specification.[1]

Pursuant to a pretrial agreement, appellant pleaded guilty by exceptions and substitutions to one specification of assault consummated by a battery in violation of

---

[1] A military judge sitting as a special court-martial, convicted appellant, pursuant to his plea, of one specification of assault consummated by battery, in violation of Article 128, Uniform Code of Military Justice [UCMJ]. Appellant's pre-trial agreement did not have a limitation on sentence. The convening authority approved the adjudged finding and sentence to a bad-conduct discharge, confinement for thirty days, and reduction to the grade of E-1.

Article 128, UCMJ, 10 U.S.C. § 928 (2012), which was originally charged as abusive sexual contact, in violation of Article 120, UCMJ.[2]

The factual basis for appellant's plea is undisputed. Appellant twice assaulted LC, the spouse of a deployed soldier, on the evening of 30 June 2018 and into the early morning hours of 1 July 2018. After a night of drinking with friends, LC allowed appellant and three other guests, a married couple and their one-year old son, to sleep in her home. After providing her guests bedding for the night, LC went to her bedroom where she closed the door, undressed to her underwear, climbed into bed, and went to sleep.

Early in the morning on 1 July 2018, appellant twice climbed into LC's bed, uninvited both times, making physical contact of a sexual nature with her on both occasions. The first time, appellant opened the bedroom door, climbed into LC's bed, and grabbed her breast. The second time, appellant was bolder in his actions, taking his time to lift the sheets to observe LC in only her underwear before climbing into bed with her, actions admittedly taken by appellant to arouse and gratify his sexual desires. After having viewed her without her consent, appellant climbed into her bed where he touched her shoulder, her breast, and her stomach. He also placed his hands on her buttocks and inside her underwear, touching her lower abdomen and pubic area but stopping short of any penetration.

---

[2] The specification to which appellant pleaded guilty by exceptions and substitutions originally read as follows:

> In that Private First Class Marcos D. Vega, U.S. Army, did, at or near Fort Carson, Colorado, on or about 1 July 2018, touch directly or through the clothing, the groin, breast, and buttocks of [LC], by causing bodily harm to her, to wit: touching the groin, breast, and buttocks of [LC] without her consent, with the intent to arouse or gratify his sexual desire.

Appellant's plea excepted out the words, "touch directly or through the clothing, the groin, breast, and buttocks of [LC], by causing bodily harm to her, to wit: touching the groin, breast, and buttocks of [LC] without her consent, with the intent to arouse or gratify his sexual desire," and substituted therefor the words, "unlawfully touched [LC's] body with his hands." As a result, appellant was convicted of a specification that reads as follows:

> In that Private First Class Marcos D. Vega, U.S. Army, did, at or near Fort Carson, Colorado, on or about 1 July 2018, unlawfully touched [LC's] body with his hands.

When finally confronted by LC about his actions, he got out of the bed, asking her to "promise not to tell anybody about what he had done."

When asked by the military judge why he did what he did, his response was simple, "because I was drunk and I was looking to engage in sexual contact," a hope based in fantasy, not reality. Appellant had no reasonable basis to believe or expect that anything sexual would happen between himself and LC. She never indicated, on that night or any time prior, any willingness to engage in any sexual activity with appellant. Although intoxicated on the night in question, appellant understood what he was doing and admitted that his actions on the night in question were purposeful and without any legal justification or excuse.

During the providence inquiry into the aforementioned charges, and following appellant's entry of pleas, the military judge, without prompting from counsel for either side, discussed the unusual nature of appellant's plea. That is, the military judge properly noted that appellant was entering a plea to a specification that was neither preferred nor referred, and one which was not a lesser-included offense of a charged offense.[3]

By deviating from the Military Judge's Benchbook script when warranted, a proactive military judge resolved a *potential* issue on appeal, such as defective referral or ineffective assistance of counsel by failing to advise appellant he was pleading to an unpreferred and unreferred offense.[4] *See generally*, Dep't of Army, Pam. 27-9, Legal Services: Military Judge's Benchbook (1 Sep. 2014).

---

[3] As charged in appellant's case, assault consummated by a battery was not a lesser-included offense of abusive sexual contact by causing bodily harm. *See generally, United States v. Armstrong*, 77 M.J. 465, 472 (C.A.A.F. 2018).

[4] Whether the trial court had jurisdiction to try appellant on an unpreferred and unreferred charge and whether appellant's plea was knowing are important issues. When the parties agree to a resolution of a case along the same lines as here, there are several options. First, they can agree to amend the charges to conform to the accused's plea. While this is a "major" change under Rule for Courts-Martial 603(d), presumably the accused will consent to a major change given that he has agreed to plead in a certain manner. Second, the parties could specifically place in the pretrial agreement their consent to disposing of the charges by pleading guilty to an unpreferred charge. Third, the parties could be silent about the propriety of the accused pleading guilty to an unpreferred charge and roll the dice as to whether a twenty-nine year-old case will continue to support this court affirming such an arrangement in light of more recent case law that has

(continued . . .)

The colloquy between the military judge and appellant went as follows:

MJ: [Y]our counsel has entered a plea of guilty to a charge and specification that has been neither preferred nor referred to trial. Thus, I want to inquire with you, PFC Vega, whether you are specifically forfeiting and waiving your right to have any offense pending against you at trial to have been both properly preferred and referred?

ACC: Yes, Your Honor.

MJ: Defense Counsel?

DC: Yes, Your Honor.

MJ: PFC Vega, are you forfeiting and waiving this right concerning the specification and charge to which you have just pled guilty?

ACC: Yes, Your Honor.

MJ: Do you agree this court may continue as if the specification and charge to which you have just pled guilty has been properly preferred and referred to this court for trial?

ACC: Yes, Your Honor.

## CONCLUSION

Finding no error, we AFFIRM the findings of guilty and sentence.

---

(. . . continued)
reemphasized the jurisdictional nature of referral. *Compare United States v. Wilkins*, 29 M.J. 421, 424 (C.M.A. 1990) (acceptance of pretrial agreement to unpreferred and unreferred charges constitutes the "functional equivalent of an order by the convening authority that the charges be referred to the court-martial for trial") *with United States v. Reese*, 76 M.J. 297 (C.A.A.F. 2017) (no jurisdiction over offense when major change is made after referral over the objection of the accused). Here, however, a proactive military judge obviated the need for such an inquiry.

4



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court