# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Private E1 ANTONIO T. MOORE**
**United States Army, Appellee**

ARMY MISC 20180692

Headquarters, 25th Infantry Division
Kenneth Shahan, Military Judge
Colonel Ian R. Iverson, Staff Judge Advocate

For Appellant: Captain Allison L. Rowley, JA (argued); Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Catharine M. Parnell, JA; Captain Allison L. Rowley, JA (on brief); Lieutenant Colonel Eric K. Stafford, JA; Captain Catharine M. Parnell, JA; Captain Allison L. Rowley, JA (on reply brief); Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Allison L. Rowley, JA (on Reply to Motion for Reconsideration).

For Appellee: Captain Benjamin J. Wetherell, JA (argued); Lieutenant Colonel Christopher D. Carrier, JA; Major Jack D. Einhorn, JA; Captain Benjamin A. Accinelli, JA; Captain Benjamin J. Wetherell, JA (on brief); Colonel Elizabeth G. Marotta, JA; Major Patrick G. Hoffman, JA; Captain Benjamin A. Accinelli, JA (on Motion for Reconsideration).

2 October 2019

-----------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON
RECONSIDERATION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
-----------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

Appellee requests this court to reconsider our decision that pre-referral amendments to two sexual assault specifications did not constitute a major change

and, because the amendments constituted only a minor change, the military judge erred in ruling that the statute of limitations applied to the specifications.[1] Appellee contends reconsideration is warranted in light of our Superior Court's decision in *United States v. English*, 79 M.J. 116 (C.A.A.F. 2019). Although we do not find *English* applicable to appellee's case,[2] we note that our Superior Court recently decided *United States v. Stout*, __M.J.__, 2019 CAAF LEXIS 648 (C.A.A.F. 22 August 2019), which addressed pre-referral amendments.

Upon reconsideration, we find *Stout* distinguishable based on the unique facts of this case, and hold the military judge did not err in determining that the five-year statute of limitations applied to the two sexual assault specifications because the pre-referral amendments constituted a major change. We now affirm the military judge's ruling dismissing Specification 3 of Charge I and partially dismissing Specification 2 of Charge I.[3]

## BACKGROUND

A detailed background of the procedural history in this case can be found in our original decision. *Moore*, 2019 CCA LEXIS 290 at *2-10. The essential facts relevant to appellee's reconsideration request follow.

Appellee was originally convicted in 2014 by a panel of officers sitting as a general court-martial, contrary to his pleas, of two specifications of willfully disobeying a superior commissioned officer, six specifications of sexual assault, and one specification of assault consummated by battery, in violation of Articles 90, 120, and 128, UCMJ. The panel sentenced appellee to a dishonorable discharge, confinement for twenty years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

---

[1] Our previous decision is located at *United States v. Moore*, ARMY MISC 20180692, 2019 CCA LEXIS 290 (Army Ct. Crim. App. 3 July 2019).

[2] In *English*, the Court of Appeals for the Armed Forces held this court exceeded its appellate authority by excepting language from a specification and affirming the conviction based on a theory of criminality not presented at trial. 79 M.J. at 119. This is simply not the issue in this case.

[3] This decision does not address appellee's contention that this court does not have jurisdiction, under Article 62, UCMJ, regarding a partially dismissed specification. For the same reasons stated in our previous decision in this case, we hold that we do have jurisdiction. *Moore*, 2019 CCA LEXIS 290, at *10-16.

On appeal, pursuant to *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), this court set aside the findings of guilty for five of the six sexual assault specifications, affirmed the remaining findings of guilty, and authorized a rehearing on the five impacted specifications. *United States v. Moore*, ARMY 20140875, 2017 CCA LEXIS 191 (Army Ct. Crim. App. 23 Mar. 2017) (mem. op.). Our Superior Court affirmed. *United States v. Moore*, 2018 CAAF LEXIS 62 (C.A.A.F. 10 Jan. 2018).

At appellee's rehearing, trial counsel amended the five specifications prior to referral. Specifically, trial counsel changed the bodily harm language from "removing [AR's] underwear, placing his hands on her buttocks, and pressing her down with his hands" to "by penetrating [AR's] vulva with his penis."

The defense moved to dismiss three of the amended specifications as being outside the statute of limitations. The military judge granted the defense motion. The government does not appeal the ruling dismissing these specifications. The military judge convicted appellee of the two remaining sexual assault specifications. (Specifications 2 and 3 of Additional Charge I).[4]

After the trial's adjournment but prior to the authentication of the record of trial, defense counsel filed a post-trial motion to dismiss the two remaining sexual assault specifications as barred by the statute of limitations. It appears from the record that the military judge and counsel were unaware that the dates of the two specifications fell into a narrow eighteen month "window" between the beginning effective date for the offense (28 June 2012) and the beginning effective date eliminating a statute of limitations bar for the offense (26 December 2013). More simply stated, the five-year statute of limitations still applied to offenses charged as occurring within the timeframe of 28 June 2012 to 25 December 2013.[5]

Based on this oversight as to the applicable statute of limitations, the military judge granted defense counsel's motion to dismiss Specification 3 of Additional Charge I, and granted a partial dismissal of Specification 2 of Additional Charge I,

---

[4] At the combined sentence rehearing, which included the additional convictions previously affirmed by this court, the military judge sentenced appellee to a dishonorable discharge and confinement for thirteen years.

[5] "[A] person charged with an offense is not liable to be tried by court-martial if the offense was committed more than five years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command." UCMJ art. 43(b)(1), 10 U.S.C. § 843(b)(1) (2006 & Supp. V 2012).

finding that only a portion of the date range charged in that specification was barred by the statute of limitations.

The government appealed the military judge's ruling pursuant to Article 62, UCMJ, asserting the amendments did not constitute major changes, and as such, the statute of limitations had not expired. Our original decision on the Article 62 appeal concluded the amendments in this case were minor. *Moore*, 2019 CCA LEXIS 290, at *16-19.

## LAW AND DISCUSSION

### A. Major Change

It is important to highlight that this case is about the statute of limitations, under Article 43, UCMJ, and Rule for Courts-Martial [RCM] 907(b), which merely requires an application of the legal framework of R.C.M. 603(d) to determine if a major or minor change exists implicating the statute of limitations.

First, we pause to recognize that *Stout* did not involve a statute of limitations issue. Although *Stout* involved only a major or minor change motion under RCM 603(d), as opposed to the R.C.M. 907(b) issue at bar, we nonetheless find the opinion relevant to our reconsideration of appellee's case. 2019 CAAF LEXIS 648.

In *Stout*, the Court of Appeals for the Armed Forces (CAAF) was presented with the issue of whether the government was permitted to amend the time frame of the charged offenses pre-referral to conform to the victim's testimony at the preliminary hearing. 2019 CAAF LEXIS 648 at *1. The CAAF held that "prior to referral, Article 34, UCMJ, specifically permits changes to conform the charges and specifications to the substance of the evidence in the report prepared by the investigating officer under [Article 32, UCMJ]." 2019 CAAF LEXIS 648, at *2. In reaching this conclusion, the CAAF noted "we need not resolve the question of whether the changes in [a]ppellant's case were 'major.'" *Id*. at n.2.

Unlike *Stout*, we are faced with an Article 43, UCMJ, instead of an Article 34, UCMJ, concern. We are required to resolve the question of whether the amendments in this case were major or minor. The R.C.M. 907(b) Discussion directs:

> If sworn charges have been received by an officer exercising summary court-martial jurisdiction over the command within the period of the statute, minor amendments (*see* R.C.M. 603(a)) may be made in the specification after the statute of limitations has run. However, if new charges are drafted or a major

amendment made (*see* R.C.M. 603(d)) after the statute of limitations has run, *prosecution is barred.*

(emphasis added).

"Whether a change made to a specification is minor is a matter of statutory interpretation and is reviewed de novo." *United States v. Reese*, 76 M.J. 297, 300 (C.A.A.F. 2017) (citing *United States v. Atchak*, 75 M.J. 193, 195 (C.A.A.F. 2016)). Rule for Courts-Martial 603(a) provides "[m]inor changes in charges and specifications are any except those which add a party, offenses, or substantial matter not fairly included in those previously preferred, or which are likely to mislead the accused as to the offenses charged." *Id.* (quoting *United States v. Moreno*, 46 M.J. 216, 218 (C.A.A.F. 1997)). The R.C.M. 603(a) Discussion clarifies what constitutes a minor change and includes, *inter alia*, "those [changes] necessary to correct inartfully drafted or redundant specifications; to correct a misnaming of the accused; to allege the proper article; or to correct other slight errors."

In appellee's case, the trial counsel changed the bodily harm language from "removing [AR's] underwear, placing his hands on her buttocks, and pressing her down with his hands" to "penetrating [AR's] vulva with his penis." In analyzing this issue, the military judge cited to *Reese*, 76 M.J. at 299-301, and concluded, in various parts of his rulings, that "the manner of the offense was significantly changed," "the change was not fairly included in the original specification," and the government no longer had to prove "that the sexual act was caused by the [originally] charged actions."

Similar to *Reese*, the amendments in appellee's case "altered the means of committing the offense." 76 M.J. at 300. Based on the original charge, the government had to prove an offensive touching beyond the alleged penetration, and a potential defense would involve proving that such a touching did not occur (or did not cause the sexual act). Changing the bodily harm from a multiple overt offensive touching to the sexual penetration itself does not "constitute a slight error." *Id.* at 301; *see also English*, 79 M.J. at 122, n.6 ("The placement of appellant's hands during the sexual assault was a substantial fact.").

Furthermore, amending the specification created an additional element. The military judge correctly noted the change required "the Government to now prove [AR] did not consent" as an element. *See United States v. McDonald*, 78 M.J. 376 (C.A.A.F. 2019) (affirming three elements exist when the actus reus and the bodily harm for the sexual assault are the same physical act); *accord* Dep't of the Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 3-45-14 n.2 (10 Sep. 2014) ("When the same physical act is alleged as both the actus reus and bodily harm for the charged sexual assault, include . . . a final [third] element."). An

amendment, which changes the number of elements for a specification, is a major change.

It can be surmised that the trial counsel made the amended changes in appellee's case because he recognized the significant risk that the trier of fact would acquit the appellee of the charged specifications because AR would not testify that appellant removed her underwear, placed his hands on her buttocks, and pressed her down with his hands. "Therefore, it appears that even the Government likely recognized that [an alteration to the means in which appellee committed the offense was not a minor change] of little import to the prosecution of the case." *United States v. Stout*, 2019 CAAF LEXIS 648, at *17 n.4 (Ohlson, J., dissenting).

Upon reconsideration of appellee's case, we find the amendments to the sexual assault specifications constituted a major change because they added an additional element which implicated the statute of limitations.

## B. Waiver

At trial and on appeal, the government asserts appellee waived his right to object to the amendments and thus cannot assert the statute of limitations as a defense.[6] We disagree, for many of the reasons cited by the military judge.

The military judge correctly annotated the breadth, scope, and uniqueness of R.C.M. 907(b)(2)(B). *See, e.g., United States v. Jesko*, ARMY 20160439, 2018 CCA LEXIS 328, at *5-8 (Army Ct. Crim. App. 29 June 2018) (mem. op.) (explaining how the rule places an "affirmative responsibility" on the military judge to determine that any potential waiver is knowing and voluntary).

At trial, the government argued that R.C.M. 907(b)(2)(B) was inapplicable because appellee "tactically waived" his right to object. The military judge directly addressed this argument in his ruling; among other things, the military judge stated

---

[6] In their pleadings, the parties focus on waiver. We acknowledge there is another potential argument that appellee *forfeited* this issue by failing to raise this claim during trial. *See United States v. Briggs*, 78 M.J. 289 (C.A.A.F. 2019) (applying a plain error review for a statute of limitations claim raised for the first time on appeal). At a minimum, however, the military judge's ruling can be properly construed as a reconsideration of his earlier ruling during trial, which sua sponte addressed the two specifications at issue. *See United States v. Neal*, 68 M.J. 289, 296 (C.A.A.F. 2010) (explaining that until the record of trial is authenticated, the military judge "retains control over a court-martial" and may reconsider prior rulings).

"it was clear the Defense was unaware of the right" and "[t]he Court has no doubt that had the Defense been aware of the statute of limitations, they would have objected, as evidenced by the fact that they lodged an objection to the other [three] specifications that they recognized did fall outside the statute of limitations." The military judge also said that "all counsel" overlooked the effective date of the elimination of the statute of limitations. Nothing in the record contradicts these conclusions.

In his ruling, the military judge also rejected the government's arguments regarding *United States v. Musacchio*, 136 S. Ct. 709 (2016), and stated that R.C.M. 907(b)(2)(B) "places an affirmative obligation upon the military judge to inform an accused of the right to assert the statute of limitations in bar of trial, if it appears that the accused is unaware of this right." The military judge added that a "plain reading of this rule is that if the military judge has not [informed the accused] when it is required, then the accused has not waived his right to assert the defense."

On this issue, our superior court's recent opinion in *United States v. Briggs* is highly instructive:

> In *Musacchio*, the Supreme Court reasoned that a statute of limitations defense is not jurisdictional and therefore the "defense becomes part of a case only if the defendant puts the defense in issue." *Id.* Accordingly, "[w]hen a defendant does not press the defense, then, there is no error for an appellate court to correct—and certainly no plain error." *Id.* The Supreme Court, however, made this decision in the context of a federal criminal prosecution governed by the Federal Rules of Criminal Procedure. *We think that cases under the Rules for Courts-Martial are distinguishable. As indicated above, R.C.M. 907(b)(2)(B) requires the military judge to inform the accused of the right to assert the statute of limitations.* The Federal Rules of Criminal Procedure have no analogous provision. *Accordingly, in a court-martial, R.C.M. 907(b)(2)(B) makes the statute of limitations "part of a case" whenever the accused has a statute of limitations defense and does not appear to know it.*

*United States v. Briggs*, 78 M.J. 289, 295 (C.A.A.F. 2019) (emphasis added).

This rationale is strikingly similar to the analysis of *United States v. Collins* cited by the military judge. 78 M.J. 530 (A.F. Ct. Crim. App. 2018). Indeed, shortly following *Briggs*, our Superior Court affirmed the Air Force Court's decision

in *Collins* in a one-sentence opinion. *United States v. Collins*, 78 M.J. 415 (C.A.A.F. 2019).

At trial, the government also asserted that it was "not barred from prosecuting [the amended specifications] because of [Article] 43(g)." We disagree, for the same reason provided by the military judge.

Article 43(g) provides a potential savings clause when "charges or specifications *are dismissed as defective or insufficient* for any cause" and the applicable statute of limitations "has expired" or "will expire within 180 days after the date of dismissal." *See* UCMJ art. 43(g)(1) (emphasis added).

In his ruling, the military judge stated this clause "only [applies] to when charges or specifications are dismissed as defective or insufficient," and the specifications in this case were only "set aside based on [*Hills*] and an unconstitutional application of [Mil. R. Evid.] 413." The military judge noted the government "believes that this equates to a dismissal due to defective specifications," but "the Court disagrees." We do, too.

The specifications at issue were not *dismissed* as being defective or insufficient. Trial counsel merely decided, to the government's determinant, to amend the specifications, creating a major change, and triggering the application of the statute of limitations. Any attempt to apply Article 43(g) to this case is trying to fit a square peg into a round hole.[7]

## CONCLUSION

The appeal of the United States pursuant to Article 62, UCMJ, is DENIED and the decision of the military judge is therefore AFFIRMED. We return the record of trial to the military judge for action consistent with this opinion.

Judge RODRIGUEZ concurs.

---

[7] On appeal, the government also argues, "Even assuming the amendments to [the specifications] constituted a major change . . . the receipt by the summary court-martial convening authority of the original charge on 11 December 2013 tolled the statute of limitations as to the amended charge." Any such argument was largely undeveloped at trial, and the government has cited to several cases that were not presented to the military judge. However, even upon review, none of these cases address a major change occurring after the expiration of the statute of limitations.

BURTON, Senior Judge, dissenting:

I agree with the majority that *Stout* is distinguishable from this case and we are required to determine if the amendments were major or minor. For the reasons outlined below, however, I find the military judge erred and respectfully disagree with the majority's conclusion that the amendments constituted a major change.

First, the initial and amended specifications both alleged sexual assault by penetrating AR's vulva with the accused's penis by bodily harm. In fact, as amended, the alleged act of bodily harm was "penetrating [AR's] vulva with [the accused's] penis." Thus, it is hard to conclude the amended language was not "fairly included" in the initial specification, as this language was already there. R.C.M. 603(a). Further, appellant was on notice that the initial specification alleged AR did not consent to the sexual act since the charged language, "removing [AR's] underwear, placing his hands on her buttocks, and pressing her down with his hands," necessarily implied AR did not consent to the accused "penetrating her vulva with his penis." Accordingly, non-consent was fairly included in the initial specification.

Second, in *Reese*, the CAAF explicitly acknowledged that "changing the means by which a crime is accomplished may constitute a slight error under the appropriate circumstances." *Id.* at 301 (citation omitted). To the extent that the amendments in this case may have technically "[changed] the means by which [the] crime was accomplished," this case presents the type of "appropriate circumstances" in which any such error would be "slight." I simply do not see how the amendments in this case added "a party, offenses, or substantial matter not fairly included in those previously preferred." R.C.M. 603(a).

Third, and relatedly, the amendments could hardly have "[misled] the accused as to the offenses charged." *See id.* Our Superior Court's rationale in *Reese* is important here. As part of its analysis, the court expressly noted the "question of whether Reese was on notice that he would need to defend against a touching charge" and found the government's arguments on this issue to be "unconvincing." *Reese*, 76 M.J. at 301. Indeed, "[t]he evil to be avoided is denying the defendant notice of the charge against him, thereby hindering his defense preparation." *Id.* at 300 (citation omitted). In light of this analysis, it is clear that notice is still a critical component of major change issues.

In *Reese*, the government amended a specification from licking the victim's penis with appellant's tongue to touching the penis with his hand, a change based on the victim's deposition two days before trial. One can plainly see how such a change would negatively affect the defense's approach and preparation for trial.

9

In the present case, I see no such hindrance. The government made the changes months before trial. If the defense intended to offer that the penetration did not occur, or that the acts were consensual, these avenues were not foreclosed by the amended specifications. The government would still have to prove penetration and lack of consent beyond a reasonable doubt, just as if the defense had offered these theories on the initial specifications. In sum, there is no reason to conclude the defense was deprived of notice or a reasonable opportunity to defend against the amended specifications.

I do acknowledge that, in *Reese*, the CAAF explicitly held that R.C.M. 603(d) does not have a separate prejudice component. 76 M.J. at 301-02. That said, I do not read *Reese* to negate the full language of R.C.M. 603(a). Specifically, in my view, *Reese* does not preclude us from considering the likelihood of misleading the accused in deciding whether a change is major in the first place. In fact, I read *Reese* to encourage appellate courts to consider both "unfair surprise" and similar concepts to avoid the underlying "evil" it identified: insufficient notice to the accused.

In conclusion, I would set aside the military judge's ruling and thus dissent from the majority opinion.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

10