*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

_____

## UNITED STATES
Appellee

**v.**

## Jeffrey D. SAGER,
## Aviation Ordnanceman Airman
United States Navy, Appellant

**No. 16-0418**
Crim. App. No. 201400356

Argued November 15, 2016—Decided March 21, 2017

Military Judge: John A. Maksym

For Appellant: *Lieutenant Doug Ottenwess*, JAGC, USN (argued); *Lieutenant David W. Warning*, JAGC, USN (on brief).

For Appellee: *Lieutenant Commander Justin C. Henderson*, JAGC, USN (argued); *Captain Mathew M. Harris*, USMC, and *Brian K. Keller*, Esq. (on brief); *Colonel Mark K. Jamison*, USMC.

Chief Judge ERDMANN delivered the opinion of the court, in which Judges RYAN, OHLSON, and SPARKS joined. Judge STUCKY filed a separate dissenting opinion.

_____

Chief Judge ERDMANN delivered the opinion of the court.

Contrary to his pleas, a mixed panel sitting as a general court-martial convicted Aviation Ordnanceman Airman (AN) Jeffrey D. Sager of one specification of abusive sexual contact, in violation of Article 120(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 120(d) (2012). Consistent with his plea, Sager was acquitted of a separate specification of abusive sexual contact in alleged violation of Article 120(d), UCMJ. Sager was sentenced to a bad-conduct discharge and twenty-four months of confinement. The convening authority approved the sentence as adjudged and the United States Navy-Marine Corps Court of Criminal Appeals (CCA) affirmed the findings and the sentence.

Article 120(d), UCMJ, prohibits sexual contact with another person if they are "asleep, unconscious, or otherwise unaware that the sexual [contact] is occurring."[1] We granted review to determine whether the CCA erred when it held that this language created a single theory of criminal liability and also whether the CCA erred when it relied on facts of which Sager had been acquitted to affirm his conviction.[2] We hold that the CCA erred in its interpretation of Article 120(d) and remand the case for reconsideration consistent with this opinion.

## Background

At trial, Sager was charged with two specifications of violating Article 120(d), UCMJ. The first charge alleged that Sager committed sexual contact on AN TK while he was incapable of consenting due to impairment by an intoxicant. The Additional Charge alleged that Sager committed sexual contact on AN TK while he was incapable of consenting because he was asleep, unconscious, or otherwise unaware that the contact was occurring.[3]

Following the merits portion of the court-martial, the military judge provided the panel with his instructions and the findings worksheet. The military judge explained the format of the findings worksheet to the panel:

> As you can see, Madam President, this is very straightforward. The interesting part is that you have to circle under the charge and specification

---

[1] By incorporation of language from Article 120(b)(2), UCMJ.

[2] The court granted the following issues:

I. In affirming the abusive sexual contact conviction, the lower court relied on facts of which the members acquitted Appellant. Was this error?

II. Article 120(d), UCMJ, prohibits sexual contact on another person when that person is "asleep, unconscious, or otherwise unaware." Despite these specific statutory terms, the lower court held that "asleep" and "unconscious" do not establish theories of criminal liability, but only the phrase "otherwise unaware" establishes criminal liability. Did the lower court err in its interpretation of Article 120(d), UCMJ?

[3] The initial Specification 1 of Charge I was subject to a successful motion to dismiss and was later re-referred as an Additional Charge, while the initial Specification 2 of Charge I was renumbered as the sole Specification of Charge I.

the theory of the government you adopt if you convict. You'll notice that …. [i]t's he knew or should have known …. That means you're going to have to vote one that – on both theories ….

The first vote is going to be, okay, is he guilty or not guilty of the charge under the … specification under the theory of "knew" he knew. Is he guilty or not guilty under the theory of "should have known" because the government has both theories …. But you have to circle the one that's applicable, okay.

At the conclusion of deliberations, the members found Sager not guilty of Charge I (alleging AN TK was incapable of consenting due to his intoxication), but guilty of the Additional Charge (alleging AN TK was incapable of consenting because he was otherwise unaware that the sexual act was occurring). The members completed the findings worksheet as follows:

**I.** To the Charge and the specification thereunder:

(circled) [a] Not Guilty

[b] Guilty in that AN Sager committed a sexual contact upon AN K████ when AN K████ was incapable of consenting to the sexual contact due to impairment by an intoxicant and that condition was (known) (or) (reasonably should have been known) by AN Sager.

**II.** To the Additional Charge and the specification thereunder:

[a] Not Guilty

(circled) [b] Guilty in that AN Sager committed a sexual contact upon AN K████ when AN Sager (knew) (or) (reasonably should have known) that AN K████ was (asleep), (unconscious), (or) (otherwise unaware) that the sexual act was occurring.

The panel's finding was mirrored by Appellant's Court-Martial Order, which reflected that Appellant was "Guilty of touching the penis of [AN TK] with his hand when he reasonably should have known that [AN TK] was otherwise unaware that the sexual contact was occurring."

On appeal before the CCA, Sager argued that Article 120(d) was unconstitutionally vague and that his conviction for abusive sexual contact of TK while he was "otherwise unaware" was factually and legally insufficient. *United States v. Sager*, No. NMCCA 201400356, 2015 CCA LEXIS 571, at *1-2, 2015 WL 94872926, at *1 (N-M. Ct. Crim. App. Dec. 29, 2015) (unpublished). The CCA concluded:

that asleep or unconscious are examples of how an individual may be "otherwise unaware" and are not

alternate theories of criminal liability. A plain reading of the phrase is that a person cannot engage in sexual contact with another person when he/she knows or reasonably should know that the recipient of the contact does not know it is happening.

2015 CCA LEXIS 571, at *9, 2015 WL 9487926, at *3.

Further, when analyzing Sager's challenge to the factual and legal sufficiency of his conviction, the CCA found that:

> AN TK testified that when he awoke the appellant was already manually stimulating his penis. The Government introduced substantial evidence that AN TK was heavily intoxicated when he returned to FC2 DS's apartment and laid on the futon. Whether AN TK was asleep or unconscious due to alcohol consumption/exhaustion, or a combination of these things is only relevant as to whether the appellant reasonably should have known AN TK was "otherwise unaware" of the sexual contact. After carefully reviewing the entire record of trial, to include all testimony and admitted exhibits, and considering the evidence in the light most favorable to the prosecution, we are convinced that a reasonable fact-finder could have found all the essential elements beyond a reasonable doubt. Furthermore, after weighing all the evidence in the record of trial and having made allowances for not having personally observed the witnesses, we are convinced beyond a reasonable doubt that the appellant reasonably should have known AN TK was otherwise unware [sic] that the sexual act was occurring. Thus, we find the appellant's conviction on the Additional Charge and specification is both legally and factually sufficient.

2015 CCA LEXIS 571, at *11-12, 2015 WL 9487926, at *4.

## Discussion[4]

We are initially asked to determine whether the CCA erred in its interpretation of the following language of Article 120(b)(2), as incorporated into Article 120(d): commits a sexual contact "upon another person when the person knows or reasonably should know that the other

---

[4] For discussion purposes we have reversed the order of the issues.

4

person is asleep, unconscious, or otherwise unaware that the sexual [contact] is occurring."

This court reviews questions of statutory interpretation de novo. *United States v. Atchak*, 75 M.J. 193, 195 (C.A.A.F. 2016). The primary issue in this case is whether the language which states that a person may not make sexual contact with someone who is "asleep, unconscious, or otherwise unaware," creates three separate theories under which one may be guilty of the offense or, as the CCA has held, the language creates a single theory of criminal liability.

Citing *Richards v. United States*, 369 U.S. 1 (1962), and *Platt v. Union Pac. R.R. Co.*, 99 U.S. 48 (1878), Sager contends the CCA's analysis ignores the plain language of the statute and violates two canons of statutory construction: the "ordinary meaning" canon – that the words of a statute are to be taken in their natural and ordinary signification and import; and the "surplusage" canon – that, if possible, every word and every provision is to be given effect and that no word should be ignored or needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence. The government counters that the CCA's analysis was correct and the statute presents only a single theory of liability. The government goes on to argue that even if Congress did create alternative theories of liability in Article 120(b)(2), Sager has not carried his burden to demonstrate prejudice.

The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (internal quotation marks omitted) (citations omitted). To that end, this court "interpret[s] words and phrases used in the UCMJ by examining the ordinary meaning of the language, the context in which the language is used, and the broader statutory context." *United States v. Pease*, 75 M.J. 180, 184 (C.A.A.F. 2016). In any such analysis, this court "should … give meaning to each word" of the statute. *United States v. Adcock*, 65 M.J. 18, 24 (C.A.A.F. 2007). Only where "the statute [remains] unclear, [does the

court] look next to the legislative history." *United States v. Falk*, 50 M.J. 385, 390 (C.A.A.F. 1999).

Article 120(d) provides that any person subject to this chapter "who commits or causes sexual contact upon or by another person, if to do so would violate subsection (b) (sexual assault) had the sexual contact been a sexual act, is guilty of abusive sexual contact." Subsection (b)(2) contains the language at issue: "when the person knows or reasonably should know that the other person is asleep, unconscious, or otherwise unaware that the sexual act is occurring." In reviewing the language in question, we note that the words, "asleep, unconscious, or otherwise unaware," are separated by the disjunctive, "or." "In ordinary use the word 'or' … marks an alternative which generally corresponds to the word 'either.'" Earl T. Crawford, *The Construction of Statutes* § 188 (1940); *see also Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) ("Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise; here it does not."). Under the "ordinary meaning" canon of construction, therefore, "asleep," "unconscious," or "otherwise unaware" as set forth in Article 120(b)(2) reflect separate theories of liability. *Sager*, 2015 CCA LEXIS 571, at *9, 2015 WL 9487926, at *3.

In addition, the phrase "otherwise unaware" is important to the context of the offense. *Webster's Third New International Dictionary Unabridged* 1598 (2002), defines "[o]therwise" as, "in a different way or manner." Under a plain reading of this language, therefore, the words "otherwise unaware" mean unaware in a manner different from asleep and different from unconsciousness.

Finally, to accept the view that the words "asleep, unconscious, or otherwise unaware," create only one theory of criminality would be to find that the words "asleep," "unconscious," and "or" are mere surplusage. This we are unwilling to do. *See Yates v. United States*, 135 S. Ct. 1074, 1085 (2015) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme.") (internal quotation marks omitted) (citation omitted). We therefore hold that the CCA erred in its interpretation of Article 120(d) when it "conclude[d] that asleep or unconscious are examples of how an individual may be 'otherwise unaware' and are not

alternate theories of criminal liability." *Sager*, 2015 CCA LEXIS 571, at \*9, 2015 WL 9487926, at \*3.

The remaining issue asks whether the CCA erred by relying on facts of which Sager had been acquitted when it affirmed his conviction. Sager argues that since the members acquitted him of the intoxication charge, the CCA erred by relying on evidence that AN TK was intoxicated in affirming the "otherwise unaware" charge. In light of our interpretation of Article 120(d), we decline to address the remaining issue and we believe that it is appropriate for the CCA to reconsider the factual sufficiency of this case. *See Pease*, 75 M.J. at 184 (holding that a CCA's factual sufficiency review "must ... be based on a correct view of the law") (emphasis omitted) (alteration in original) (internal quotation marks omitted) (citation omitted).

In addition to applying the law discussed above, the CCA should also consider whether *Green v. United States*, 355 U.S. 184, 185 (1957), is applicable to this case. In *Green*, the appellant was charged with first degree murder and, alternatively, second degree murder. *Id.* The jury found him guilty of second degree murder but did not return an express verdict as to the first degree murder charge. *Id.* at 186. The Supreme Court held that this effectively constituted a "not guilty" verdict of the first degree murder charge for double jeopardy purposes. *Id.* at 191; *see also United States v. Smith*, 39 M.J. 448 (C.M.A. 1994); *United States v. Bennitt*, 74 M.J. 125 (C.A.A.F. 2015).

## Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is vacated and the case is remanded to that court for reconsideration consistent with this opinion.

Judge STUCKY, dissenting.

I agree with the majority's conclusion that "otherwise" means "in a different way or manner," and thus that the United States Navy-Marine Corps Court of Criminal Appeals misstated the law in saying that "asleep or unconscious are examples of how an individual may be otherwise unaware." *United States v. Sager*, __ M.J. __ (6-7) (C.A.A.F. 2017) (internal quotation marks omitted) (citation omitted). Nevertheless, I conclude that Appellant was not prejudiced by this error and would affirm the judgment of the CCA. Therefore, I respectfully dissent.

Appellant was convicted of touching the penis of the victim with his hand when he knew or reasonably should have known that the victim was "asleep, unconscious, or otherwise unaware that the sexual contact was occurring." *See* Article 120(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(d) (2012) (incorporating the language of Article 920(b)(2), UCMJ). Appellant was acquitted of performing fellatio on the victim when the victim was incapable of consenting to the sexual contact due to impairment by an intoxicant.

The military judge erroneously instructed the members that to convict, they had to agree on one of two theories of guilt: that Appellant (1) knew or (2) reasonably should have known that the victim was unaware the sexual contact was occurring. The findings worksheet erroneously suggested that, in addition to agreeing on Appellant's knowledge, the members also had to select from one of three reasons for the victim being unaware the sexual act was occurring: that the victim was (1) asleep, (2) unconscious, or (3) otherwise unaware. *See Sager*, __ M.J. at __ (3).

Contrary to the military judge's instructions and the worksheet, we have long held that "military criminal practice requires neither unanimous panel members, nor panel agreement on one theory of liability, as long as two-thirds of the panel members agree that the government has proven all the elements of the offense." *United States v. Brown*, 65 M.J. 356, 359 (C.A.A.F. 2007) (citing *United States v. Vidal*, 23 M.J. 319, 325 (C.M.A. 1987)). In my opinion, the court members did not have to decide between the two theo-

ries set out above. Two-thirds of the members just had to agree that he knew or reasonably should have known.

Similarly, in my opinion, the court members did not have to select one of the three statutory reasons a victim could be unaware of the sexual contact. As amply shown by the facts in this case, the evidence of which reason caused the victim to be unaware will often overlap.

The victim testified that he drank excessively, "passed out," and awoke to Appellant manually stimulating him, before Appellant then performed fellatio as the victim was too intoxicated to respond. For the specification alleging manual stimulation that we remand today, the panel was thus presented with evidence of sleep *and* unconsciousness, both due to intoxication. Was he just intoxicated, asleep, unconscious, or a combination thereof? The important thing is that the members did not have to agree on the reason. The required two-thirds just had to agree that the victim was unaware of the sexual contact.[1] So even under a correct view of the statute, the CCA could consider any evidence bearing on whether the victim was "unaware," and need not artificially excise from its review the evidence tending to show that the victim was asleep or unconscious.

I disagree with the majority's statement that, on remand, the CCA "should also consider whether *Green v. United States*, 355 U.S. 184, 185 (1957), is applicable to this case." The majority's reference to *Green* suggests that the CCA was prohibited by double jeopardy concerns from considering evidence of the victim's intoxication after Appellant was acquitted of performing fellatio on an intoxicated victim.

But *Green* is inapplicable here. Each of Appellant's two abusive sexual contact charges alleged a distinct actus reus: oral sexual contact for the first, and manual sexual contact for the second, so this is not a case of charging in the alter-

---

[1] Faced with broad testimony and three reasons, an astute panel might have selected "otherwise unaware" *not* as a rejection of the theory that the victim was "asleep" or "unconscious," but rather because "otherwise unaware" is the language that establishes the boundaries of the element as a whole: "unaware" for any reason whatsoever.

native, as in *Green*,355 U.S. at 190. Accordingly, acquittal of one charge carries no logical implications for the other. To the extent that evidence of the victim's intoxication is relevant to both charges, a panel and a reviewing court could permissibly consider that evidence in reviewing Appellant's conviction. That is the import of this Court's reasoning in *United States v. Gutierrez*, 73 M.J. 172, 176 (C.A.A.F. 2014), as well as in *United States v. Rosario*, __ M.J. __ (C.A.A.F. 2017). Those cases, rather than *Green*, ought to inform the CCA's review on remand.