Judge STUCKY,
concurring in part and dissenting in part.
I agree with the majority that recklessness is the appropriate mens rea for the offense of violating the lawful general order prohibiting hazing and that the military judge’s failure to so instruct amounted to clear and obvious error. I disagree, however, with the majority’s conclusion that Appellant established that the error materially prejudiced his substantial rights.
In United States v. Lopez, we adopted the Supreme Court’s interpretation of the prejudice pi'ong of the plain error test: “the appellant ‘must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different.’ ” 76 M.J. 161, 164 (C.A.A.F. 2017) (quoting Molina-Martinez v. United States, — U.S. -, 136 S.Ct. 1338, 1343, 194 L.Ed.2d 444 (2016)), To my mind, Appellant failed to meet his burden to establish the prejudice prong of the plain error test, and “failure to establish any one of the prongs is fatal to a plain error claim.” United States v. Bungert, 62 M.J. 346, 348 (C.A.A.F. 2006), quoted in Lopez, 76 M.J. at 164.
The facts, as thoroughly recounted by the majority, do not establish a reasonable probability that the result would have been different had the members been instructed on the appropriate mens rea. In fact, the opposite is the case. The evidence shows that Appellant’s conduct was not only reckless, but also purposeful. As part of what Appellant himself labeled an “initiation,” he purposefully required SPC BB to consume alcoholic beverages. And' he purposefully required her to submit to a trauma assessment, during which he intentionally touched her vaginal area, despite her objections. Therefore, I would affirm his hazing conviction.