# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO and SCHASBERGER
Appellate Military Judges

**AJ, a Minor**
**Petitioner**
**v.**
**Colonel JOHN HARPER COOK, Military Judge**
**United States Army, Respondent**
**and**
**Staff Sergeant MICHAEL D. MAGGIO**
**United States Army, Real Party in Interest**

ARMY MISC 20180441

For Petitioner:  Captain Majessire Smith, JA (on brief and reply brief).

For Real Party in Interest:  Major Jack D. Einhorn, JA; Captain Benjamin J. Wetherell, JA (on brief).

7 December 2018

---------------------------------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION ON PETITION FOR
EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS
---------------------------------------------------------------------------------------------

Per Curiam:

Petitioner seeks extraordinary relief from a ruling of the military judge regarding the application of Military Rule of Evidence (Mil. R. Evid.) 513(d)(2) to communications between petitioner and her psychotherapists.  Petitioner is the alleged victim of sexual offenses by Staff Sergeant Maggio, the Real Party in Interest (RPI), who is currently pending court-martial charges based on those allegations.  This case is before us pursuant to the All Writs Act, 28 U.S.C. § 1651, and Article 6b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b.  We conclude petitioner is not entitled to the extraordinary relief she seeks.

## BACKGROUND

Petitioner is the fourteen-year-old step-daughter of the RPI.  The RPI is pending court-martial for alleged sexual offenses against petitioner.  Petitioner has seen several mental healthcare professionals and discussed her alleged sexual abuse with them.

During the investigation of the RPI's alleged offenses, the trial counsel obtained petitioner's mental healthcare records held by military healthcare providers. In fact, the trial counsel used what appears to be significant effort[1] to obtain petitioner's records after his initial attempts to obtain them were partially rebuffed by the military treatment facility that held the records. Neither the trial counsel nor the military treatment facility bothered notifying petitioner before her privileged communications were turned over to the trial counsel.

Having obtained petitioner's mental health records,[2] the trial counsel reviewed them and realized they contained potentially exculpatory information. Accordingly, he provided petitioner's mental healthcare records to counsel for the RPI under *Brady v. Maryland*, 373 U.S. 83 (1963). In due course, counsel for the RPI filed a motion to rule on the admissibility of the potentially exculpatory material and to compel the production of witnesses who could testify as to the information contained in the records. Although the government partially opposed the RPI's motion on another basis, it did not oppose the motion on Mil. R. Evid. 513 grounds. Petitioner, however, opposed the RPI's motion and asserted the communications contained in the records obtained by the trial counsel were privileged under Mil. R. Evid. 513(a).

After receiving evidence and hearing argument, the military judge ruled the communications in question fell under the Mil. R. Evid. 513(d)(2) exception to the general rule of privilege. Accordingly, the military judge ruled Mil. R. Evid. 513(a) did not prevent the RPI from offering the records—or other evidence of the communications contained in the records—at court-martial. The military judge did not rule on whether the evidence was otherwise admissible, only that Mil. R. Evid. 513(a) did not bar its admission. Because the military judge found Mil. R. Evid. 513(d)(2) provided an exception to the general rule of privilege, he did not rule on any other potential exception that might apply to Mil. R. Evid. 513(a) in this case.

Petitioner requested the military judge reconsider his ruling. The military judge considered petitioner's request but ultimately denied it. Petitioner then filed her petition for extraordinary relief with this court in the form of a request for a writ

---

[1] This effort involved military criminal investigators, the administrative law section of the Fort Leonard Office of the Staff Judge Advocate, and the legal office for U.S. Army Medical Command.

[2] Rules of privilege generally apply to *both* the defense *and* the prosecution. We caution trial counsel to carefully consider the ramifications of their actions *before* seeking to force disclosure of privileged material. To the extent *Brady* is applicable to the material in this case, it is only because the trial counsel's actions made it part of his file. Privileged material stored in a hospital's system of records is not ordinarily considered part of the government's disclosure obligations. *See United States v. Shorts*, 76 M.J. 523, 532-33 (Army Ct. Crim. App. 2017).

of mandamus. We issued a stay of proceedings in the RPI's court-martial pending our consideration of petitioner's request.

## LAW AND DISCUSSION

A writ of mandamus is a "drastic instrument which should be invoked only in truly extraordinary situations." *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983). To prevail, a petitioner must show that: "(1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (2012) (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004)).

"Construction of a military rule of evidence, as well as the interpretation of statutes, the UCMJ, and the [Rules for Courts-Martial], are questions of law reviewed de novo." *LRM v. Kastenberg*, 72 M.J. 364, 369 (C.A.A.F. 2013) (citations omitted). Interpretation of a rule begins with the rule's plain language. *United States v. Lewis*, 65 M.J. 85, 88 (C.A.A.F. 2007). The plain language of the rule controls unless use of the plain language would yield an absurd result. *Id.* The fact a party deems a result undesired does not render the result absurd. A result is not absurd merely because it is uncommon, unanticipated, or represents an imperfect realization of the drafter's intent. *See United States v. Fontaine*, 697 F.3d 221, 228 (3d Cir. 2012) (surveying examples).

While we review matters of law de novo, we review a military judge's application of that law to a fact-dependent evidentiary ruling for an abuse of discretion. *United States v. McCollum*, 58 M.J. 323, 335-36 (C.A.A.F. 2003).

The psychotherapist-patient privilege is codified in military practice through Mil. R. Evid. 513. The core protection of the privilege allows a psychotherapist's patient to, "refuse to disclose and to prevent any other person from disclosing a confidential communication made between the patient and a psychotherapist. . . if such a communication was made for the purpose of facilitating diagnosis or treatment of the patient's mental or emotional condition." Mil. R. Evid. 513(a).

There are several exceptions to the general psychotherapist-patient privilege. *See* Mil. R. Evid 513(d). The only exception at issue in this case provides there is no privilege, "when the communication is evidence of child abuse or neglect, or in a proceeding in which one spouse is charged with a crime against a child of either spouse[.]" Mil. R. Evid. 513(d)(2). We have previously held Mil. R. Evid. 513(d)(2) contains two clauses, each of which stands alone. *LK v. Acosta*, 76 M.J. 611, 617 (Army Ct. Crim. App. 2017). The first clause is, "when the communication is evidence of child abuse or neglect." *Id.* The second clause is, "in a proceeding in which one spouse is charged with a crime against a child of either spouse." *Id.* at 618. The military judge ruled both clauses apply to the communications at issue in

this case. Petitioner contends neither clause applies in this case. She argues both clauses apply only to evidence showing child abuse or neglect occurred. By contrast, the RPI argues the first cause applies to evidence of abuse or neglect, and the second clause stands on its own. We agree with the RPI.

The RPI has narrowed the issue before us by conceding the first clause of Mil. R. Evid. 513(d)(2) does not apply to the evidence the RPI seeks to admit. Accordingly, we limit our review to the question of whether the military judge abused his discretion by concluding the second clause of Mil. R. Evid. 513(d)(2) applies to the evidence in question. He did not.

Petitioner argues our holding in *LK v. Acosta* precludes the application of Mil. R. Evid. 513(d)(2) to exculpatory evidence. Petitioner is mistaken. In *LK v. Acosta*, we held the second clause of Mil. R. Evid. 513(d)(2) is independent of the first, as the two are separated by a comma and the disjunctive "or." *Id.* at 617. The words "in a proceeding" indicate the second clause only applies to the admissibility of evidence, not the production or disclosure of evidence. *Id.* at 618-19. By contrast, the first clause applies to production, disclosure, *and* admissibility of otherwise privileged communications.

Reading the second clause of Mil. R. Evid. 513(d)(2) as a mere subset of the first clause would violate the interpretive canon against surplusage. The surplusage canon holds that, "every word and every provision is to be given effect and that no word should be ignored or needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence." *United States v. Sager*, 76 M.J. 158, 161 (C.A.A.F. 2017). The first clause of Mil. R. Evid. 513(d)(2) applies to production, disclosure, and admissibility of evidence of child abuse or neglect, regardless of who the child is or who the parents are. If the second clause were limited to evidence of child abuse or neglect, it would be completely subsumed by the first clause. Instead, the second clause applies differently. By its plain language, the second clause applies when one spouse is charged with a crime against a child of either spouse, and it only applies as to the admissibility of evidence.

This case involves the admissibility of evidence, not the disclosure of evidence. Disclosure is not at issue because the trial counsel sought out and procured petitioner's mental health records on his own initiative. When he realized the exculpatory nature of records, the trial counsel disclosed them to the RPI pursuant to his obligations under *Brady*. The trial counsel's decision to breach petitioner's privacy by obtaining her records rendered any questions about whether the RPI could have compelled the production of the records moot.

The military judge's ruling is consistent with the plain language of Mil. R. Evid. 513(d)(2) and our holding in *LK v. Acosta*. The second clause of Mil. R. Evid. 513(d)(2) states the psychotherapist-patient privilege does not apply "in a

proceeding in which one spouse is charged with a crime against a child of either spouse." The trial of the RPI on the merits of his case is a "proceeding" within the meaning of Mil. R. Evid. 513(d)(2). The RPI is charged with crimes against petitioner. Petitioner is a child of the RPI's spouse. Thus, the requirements of Mil. R. Evid. 513(d)(2) are met, and the psychotherapist-patient privilege does not apply to the admission of petitioner's communications with her psychotherapists at the RPI's court-martial.

Plain language interpretation of Mil. R. Evid. 513(d)(2) does not yield an absurd result in this case. In her reply brief, petitioner stresses the drafter's intent in Mil. R. Evid. 513(d)(2) was to prevent parents from using their child's privilege as a shield when the parent or their spouse is charged with crimes against the child. The rule yields that very result in this case, where the trial counsel went to great lengths to procure petitioner's mental health records—presumably for the purpose of offering them as evidence at trial. The result that the RPI may also offer the evidence the government procured is not absurd, even if it was not the core reason the rule was drafted. Our role is not to second-guess the public policy ramifications of the law as written. Our role is to apply the law.

The fact Mil. R. Evid. 513(a) does not prevent petitioner's communications from being admitted does not mean the communications are necessarily admissible. As noted by the military judge, the usual rules of evidence governing admissibility still apply. The issue of whether the evidence is otherwise admissible is not before us and we express no opinion on it. Similarly, we express no opinion on whether any other exception to Mil. R. Evid. 513(a) might apply to the evidence in question. We limit our decision, as we must, to the narrow issue before us.

## CONCLUSION

On consideration of the Petition for Extraordinary Relief in the Nature of a Writ of Mandamus in the above-captioned case, the petition is DENIED. Accordingly, the stay of proceedings imposed by our 6 September 2018 order is hereby lifted.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5

MAGGIO—ARMY MISC 20180441

CF:    JALS-DA          JALS-GA
        JALS-CCR       JALS-TJ
        JALS-CCZ       JALS-CR3
        SVC             SJA
        Petitioner      Respondent