# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2026-01**

————————————

**UNITED STATES**
*Appellant*

**v.**

**Jennifer Y. GALVIN**
Staff Sergeant (E-5), U.S. Air Force, *Appellee*

————————————

Appeal by the United States Pursuant to Article 62, UCMJ

Decided 5 June 2026[1]

————————————

*Military Judge*: Ashleigh T. Nguyen.

*SpCM convened at*: Shaw Air Force Base, South Carolina.

*For Appellant*: Major Heather R. Bezold, USAF (argued); Colonel Matthew D. Talcott, USAF; Lieutenant Colonel Allison R. Gish, USAF; Mary Ellen Payne, Esquire.

*For Appellee*: Scott R. Hockenberry, Esquire (argued); Major Samantha M. Castanien, USAF.

Before GRUEN, KEARLEY, and MORGAN, *Appellate Military Judges*.

Senior Judge GRUEN delivered the opinion of the court, in which Judge KEARLEY and Judge MORGAN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

---

[1] The court heard oral argument in this case on 22 April 2026.

GRUEN, Senior Judge:

This case arises out of an interlocutory appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862,[2] in a pending court-martial.

Appellee is charged with two specifications of dereliction of duty in violation of Article 92, UCMJ, 10 U.S.C. § 892. Specification 1 alleges she "willfully failed to refrain from harassing conduct that was sexual in nature which created an offensive environment," and Specification 2 alleges she "willfully failed to refrain from entering into an unprofessional relationship."

Pretrial, Appellee moved to dismiss both specifications of the Charge, and the Charge, for failure to state an offense. With respect to Specification 1 of the Charge, Appellee also based her motion to dismiss on the fact that there was no named victim to satisfy the subjective requirements of the offense of sexual harassment, and as barred by the preemption doctrine. The military judge granted Appellee's motion in part by dismissing Specification 1 of the Charge without prejudice. In so ruling, the military judge found, "the Article 92[, UCMJ,] offense of dereliction of duty by failing to refrain from harassing conduct of a sexual nature is preempted by the Article 134[, UCMJ, 10 U.S.C. § 934,] offense of sexual harassment." She further found that "by charging the accused with a violation of Article 92[, UCMJ,] for dereliction of duty, the [G]overnment reduced its burden of proof by failing to allege the element of a certain person's belief or perception and a terminal element" and therefore ruled, "Specification 1 of the Charge is a novel offense and shall be dismissed without prejudice."

The Government appeals the military judge's ruling arguing that "the judge improperly extended the preemption doctrine and the [P]resident's limitation on Article 134[, UCMJ,] offenses to dismiss a specification charged under Article 92, UCMJ." The Government further argues that "a court cannot use its remedial powers to circumvent the intent of the legislature" citing *Ayotte v. Planned Parenthood*, 546 U.S. 320, 330 (2006). Essentially, counsel for the Government believe sexual harassment in the workplace can be charged under either Article 134, UCMJ, or as they charged, as dereliction of duty in violation of Article 92, UCMJ. The Government argues the basis for the military judge's dismissal was error because "[b]y extending Article 134's preemption doctrine to prevent the Government from charging an Article 92, UCMJ[,] offense in this case, [the military judge] violated the separation of powers doctrine by invalidating Congress' constitutionally authorized decision to create

---

[2] Unless otherwise specified, references to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2024 ed.).

Article 92 as a criminal offense," citing U.S. CONST. art. I, § 8, cl. 14, and *United States v. Jones*, 68 M.J. 465, 471 (C.A.A.F. 2010).

Additionally, the Government argues that the military judge's conclusion that Specification 1 of the Charge was a "novel offense" under *Reese* and *Guardado*[3] was wrong because neither case applies to Article 92, UCMJ. In this connection, the Government argues that the President limited specifications for clause 1 or 2 of Article 134, UCMJ, by saying, "If conduct by an accused does not fall under any of the enumerated Article 134 offenses [. . .], a specification not listed in this Manual may be used to allege the offense." They further argue that in both *Reese* and *Guardado*, the court explained that a "novel charge" under clause 1 or 2 of Article 134 was constrained by the President's limit on such charges in the Manual. Effectively, the position of the Government is that the military judge misapplied the "novel charge" doctrine because it does not apply given Appellee was not charged with an offense under Article 134, UCMJ.

We need not analyze directly the military judge's rationale regarding dismissal of Specification 1 of the Charge because we find, under the circumstances in this case, the convening authority did not have the authority to refer the underlying covered conduct of sexual harassment to a court-martial. When the Special Trial Counsel (STC), pursuant to Article 24a, UCMJ, 10 U.S.C. § 824a, exercised authority over the covered offense of sexual harassment, and then determined not to prefer or refer charges based on sexual harassment, and thus deferred disposition to the convening authority pursuant to Article 24a(c)(5), UCMJ, the convening authority was free to exercise any of the authorities of such commander or convening authority, except referring charges and specifications for the alleged covered offense of sexual harassment.

Given the way the Government drafted the specification, Specification 1 of the Charge charged Appellee with the offense of sexual harassment. Because the covered offense of sexual harassment was improperly referred to the court-martial in issue, we limit our review with respect to Specification 1 of the Charge, holding only that the dismissal was appropriate given the limit of authority the convening authority possessed in choosing to refer the conduct of sexual harassment.

## I. BACKGROUND

We set out the procedural background for context before analyzing the issue of authority. This case involves Appellee refusing, as it was her right, an

---

[3] *United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017); *United States v. Reese*, 76 M.J. 297 (C.A.A.F. 2017).

Article 15, UCMJ, 10 U.S.C. § 815, nonjudicial punishment proceeding wherein the Government alleged offenses consistent with those charged in this case. This opinion considers only that Appellee engaged in harassing conduct of a sexual nature which created an offensive work environment.

The specification at issue in this case alleged:

> [Appellant], United States Air Force, who knew of her duties at or near Okinawa, Japan, between on or about 1 October 2024, and on or about 30 January 2025, was derelict in the performance of those duties in that she willfully failed to refrain from harassing conduct that was sexual in nature which created an offensive environment, in violation of Department of Defense Instruction 1020.03, paragraph 1.2, as it was her duty to do.

The military judge found with respect to Specification 1 of the Charge, the allegation in issue at bar, that:

> There is no duty to refrain from sexually harassing someone that would not be considered sexual harassment. . . . ;

> [The] Article 92[, UCMJ, offense] for failing to refrain from sexual harassment is preempted by the Article 134, [UCMJ, offense] of sexual harassment . . . ; [and]

> Therefore, Specification 1 of the Charge, [*i.e.*, the Article 92, UCMJ, offense of failing to refrain from sexually harassing someone,] is a novel offense and shall be dismissed without prejudice, [as by charging the dereliction of duty offense that eliminated elements, the Government impermissibly lowered its burden of proof.]

The military judge determined, based on these findings regarding Specification 1, that dismissal of Specification 1 of the Charge, without prejudice, was appropriate and ruled accordingly. After the military judge issued her ruling, the Government moved for reconsideration. The military judge denied the Government's motion for reconsideration finding the Government "fail[ed] to establish reconsideration of the [c]ourt's ruling" because the Government "provided no additional facts and only include[d] law already cited by the [D]efense's filing and by th[at] [c]ourt's ruling." Both parties concur that in an Article 62, UCMJ, appeal, "this [c]ourt reviews the military judge's decision directly and reviews the evidence in the light most favorable to the party which prevailed at trial." *United States v. Lewis*, 78 M.J. 447, 452 (C.A.A.F. 2019) (quoting *United States v. Pugh*, 77 M.J. 1, 3 (C.A.A.F. 2017)). Because this issue is before us pursuant to a government appeal, we "may act only with respect to matters of law." Article 62(b), UCMJ. Therefore, the issue we address is whether the convening authority, as a matter of law, had the statutory

authority to refer the Article 92, UCMJ, offense of failing to refrain from sexually harassing someone when it is congressionally intended to be charged as an Article 134, UCMJ, offense of sexual harassment.

## II. DISCUSSION

### A. Parties' Assertions Regarding Jurisdiction

Appellant asserts that this court has jurisdiction to hear this appeal under Article 62(a)(1), UCMJ. Appellee argues that this court does not have jurisdiction over this appeal because "th[e] court-martial was referred without authorization, rendering the court-martial and this [c]ourt without jurisdiction." In furtherance of her argument, Appellee asserts that "Article 24a, UCMJ, codifies the duties and authorities of the [Office of the Special Trial Counsel (OSTC)]," and that statute asserts that the OSTC has "exclusive authority to determine if a reported offense is a covered offense and *shall* exercise authority over any such offense," citing 10 U.S.C. § 824(c)(2)(A). Appellant countered Appellee's argument stating that "as a result of this [c]ourt's limited jurisdiction in Article 62 appeals, Appellee cannot inject new arguments that were not considered by the trial [military] judge;" and "Appellee has the opportunity to raise the jurisdictional issue related to [the] OSTC in front of the trial court when her case resumes;" and ultimately that "this [c]ourt has jurisdiction to hear this case because the lower court was properly convened." It is precisely this last proffer with which we take umbrage as we do not find that the lower court, at least where Specification 1 of the Charge is concerned, was in fact properly convened because the convening authority did not have authority to refer Specification 1 of the Charge. A flawed premise cannot lead to a sound legal conclusion. Wherefore, we limit our opinion of the jurisdictional issue to whether Specification 1 of the Charge was properly referred and Appellee's court-martial properly convened.

We granted oral argument on the following specified issues, which we heard on 22 April 2026.

I.

WHETHER THE MILITARY JUDGE ERRED BY DISMISSING THE ARTICLE 92, UNIFORM CODE OF MIITARY JUSTICE (UCMJ), 10 U.S.C. § 892, DERELICTION OF DUTY OFFENSE IN SPECIFICATION 1 OF THE CHARGE BASED ON THE PREEMPTION DOCTRINE AND THE PRESIDENT'S LIMIT ON NOVEL GENERAL DISORDER OFFENSES UNDER ARTICLE 134, UCMJ, 10 U.S.C. § 934.

II.

WHETHER A SPECIAL TRIAL COUNSEL HAD EXCLUSIVE AUTHORITY TO DETERMINE IF THE REPORTED OFFENSE IS A COVERED OFFENSE SUCH THAT DEFERRAL TO THE COMMANDER OR CONVENING AUTHORITY PRECLUDED THE COMMANDER OR CONVENING AUTHORITY FROM REFERING CHARGES AND SPECIFICATIONS FOR A COVERED OFFENSE.

**B. Law**

The burden of establishing jurisdiction rests on the entity asserting jurisdiction. *Ctr. For Const. Rts. v. United States*, 72 M.J. 126, 128 (C.A.A.F. 2013) (citations omitted). This court has an independent obligation to determine whether jurisdiction exists prior to addressing the merits of an interlocutory appeal. *M.W. v. United States*, 83 M.J. 361, 363 (C.A.A.F. 2023).

**1. Special Trial Counsel Statutory Responsibilities**

Article 24a(c)(2)(A), UCMJ, addresses the authority to determine covered offenses and states in pertinent part, "A special trial counsel shall have exclusive authority to determine if a reported offense is a covered offense and shall exercise authority over any such offense in accordance with this chapter. Any determination to prefer or refer charges shall not act to disqualify the special trial counsel as an accuser." 10 U.S.C. § 824a(c)(2)(A).

Paragraph 17 of Article 1, UCMJ, 10 U.S.C. § 801, addresses the term "covered offenses," and lists "covered offenses" in paragraph 17(A), specifically inserting and stating, "the standalone offense of sexual harassment punishable under section 934 (article 134) of this title in each instance in which a formal complaint is made and such formal complaint is substantiated in accordance with regulations prescribed by the Secretary concerned." *See* Article 1, UCMJ, Office of Law Revision. Paragraphs 17(B)–(D) also specify that "covered offenses" include conspiracy, solicitation, and attempts to commit any offense specified in Article 1. Article 1(17)(B)–(D), UCMJ.

Article 24a(c)(5), UCMJ, addresses deferral of covered charges to a commander or convening authority. Specifically,

> [i]f a special trial counsel exercises authority over an offense and elects not to prefer charges and specifications for such offense or, with respect to charges and specifications for such offense preferred by a person other than a special trial counsel, elects not to refer such charges and specifications, a commander or convening authority may exercise any of the authorities of such commander or convening authority under this chapter with respect to such offense, *except that such commander or convening*

*authority may not refer charges and specifications for a covered offense for trial by special or general court-martial.*

10 U.S.C. § 824a(c)(5) (emphasis added).

Rule for Courts-Martial (R.C.M.) 303A(a) specifies that "[a] special trial counsel has the exclusive authority to determine if a reported offense is a covered offense." Subparagraph (b) of R.C.M. 303A states that "[i]f a special trial counsel determines that a reported offense is a covered offense . . . , a special trial counsel *shall* exercise authority over that covered offense." (Emphasis added). Thus, if a "reported offense" constitutes a "covered offense," it is the special trial counsel, not a commander, who must make the initial disposition decision.

**2. Charging the Criminal Offense of Sexual Harassment**

*a. Elements of Sexual Harassment, under Article 134, UCMJ*

The elements of Sexual Harassment under Article 134, UCMJ, are:

(1) That the accused knowingly made sexual advances, demands, or requests for sexual favors, or knowingly engaged in other conduct of a sexual nature;

(2) That such conduct was unwelcome;

(3) That, under the circumstances, such conduct:

(a) [w]ould cause a reasonable person to believe, and a certain person did believe, that submission to such conduct would be made, either explicitly or implicitly, a term or condition of a person's job, pay, career, benefits, or entitlements; or

(b) [w]ould cause a reasonable person to believe, and a certain person did believe, that submission to, or rejection of, such conduct would be used as a basis for decisions affecting that person's job, pay, career, benefits, or entitlements; or

(c) [w]as so severe, repetitive, or pervasive that a reasonable person would perceive, and a certain person, namely (state the person alleged), did perceive, an intimidating, hostile, or offensive working environment; and

(4) That, under the circumstances, the conduct of the accused was either: (i) to the prejudice of good order and discipline in the armed forces; (ii) of a nature to bring discredit upon the armed forces; or (iii) to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

10 U.S.C. § 934; *Manual for Courts-Martial, United States* (2024 ed.) (*MCM*), pt. IV, ¶ 107a.b.(1)–(4).

Article 134, UCMJ, Sexual Harassment, explains "that belief or perception of the 'certain person' may be satisfied by such a belief or perception being formed at any time; the belief or perception need not be formed contemporaneously with the actions that gave rise to that belief or perception."[4]

### b. Elements of Dereliction of Duty, under Article 92, UCMJ (Specification 1 of the Charge)

In contrast to the elements of the Sexual Harassment offense under Article 134, UCMJ, the Government was only required to prove the following elements for the charged offense of Dereliction of Duty under Article 92, UCMJ, to Specification 1 of the Charge:

(1) That Appellee had certain duties, that is, to refrain from harassing conduct that was sexual in nature which created an offensive environment, in violation of Department of Defense Instruction (DoDI) 1020.03, paragraph 1.2;

(2) That Appellee knew of the duties; and

(3) That at or near Okinawa, Japan, between on or about 1 October 2024 and on or about 30 January 2025, Appellee was willfully derelict in the performance of those duties.

10 U.S.C. § 892; *see also MCM*, pt. IV, ¶ 18.b.(3)(a)–(c).

### c. Department of Defense Instruction (DoDI) 1020.03

Appellee is charged with violating a non-punitive Department of Defense instruction which defines "sexual harassment" as conduct that "[i]nvolves unwelcome sexual advances, requests for sexual favors, and deliberate or repeated offensive comments or gestures of a sexual nature . . . ." Department of Defense Instruction (DoDI) 1020.03, *Harassment Prevention and Response in the Armed Forces*, ¶ G.2, Definitions (change 2, dated 20 Dec. 2022). Sexual harassment occurs when (1) "[s]ubmission to such conduct is, either explicitly or implicitly, made a term or condition of a person's job, pay, or career;" (2) "[s]ubmission to or rejection of such conduct by a person is used as a basis for career or employment decisions affecting that person;" or (3) "[s]uch conduct has the purpose or effect of unreasonably

---

[4] Apparent under both the non-punitive Department of Defense Instruction (DoDI) 1020.03, described *infra*, and the punitive Article 134, UCMJ, is the fact that as an element of sexual harassment, the Government must show belief or perception on the part of a "certain person." The fact that this is not required for an Article 92, UCMJ, dereliction of duty criminal charge is indicative of the erroneous charge in this case.

interfering with an individual's work performance or creates an intimidating, hostile, or offensive working environment." *Id.* Sexual harassment is conduct "so severe or pervasive that a reasonable person would perceive, and the victim does perceive, the environment as hostile or offensive;" and is "[a]ny deliberate or repeated unwelcome verbal comments or gesture of a sexual nature by any member of the Armed Forces or a civilian employee of the Department of Defense." *Id.*

"There is no requirement for concrete psychological harm to the complainant for behavior to constitute sexual harassment. Behavior is sufficient to constitute sexual harassment if it is so severe or pervasive that a reasonable person would perceive, and the complainant does perceive, the environment as hostile or offensive." *Id.*

The current DoDI 1020.03 defines sexual harassment as follows:

> A category of harassment that is sexual in nature, including but not limited to, unwelcome sexual advances, requests for sexual favors, and repeated deliberate offensive comments or gestures of a sexual nature. *Conduct that constitutes an offense at Paragraph 107a of Part IV of the Manual for Courts-Martial is punishable under Article 134 of the UCMJ.*

DoDI 1020.03, ¶ G.2, Definitions (change 4, dated 10 Dec. 2025) (emphasis added).

**C. Analysis**

With respect to Appellant's argument that this court lacks jurisdiction to determine issues related to the OSTC's exclusive authority over covered offenses, we find that this court has the authority to determine whether the conduct alleged in Specification 1 of the Charge as a violation of Article 92, UCMJ, was properly referred to court-martial by the convening authority. *See* Article 62(b),(e), UCMJ (ruling on an appeal under this section, the Courts of Criminal Appeals may act only with respect to matters of law); *see also M.W.,* 83 M.J. at 363 (stating the United States Court of Appeals for the Armed Forces "considers de novo the question of whether it has jurisdiction" and further stating "[l]ike all federal courts, it has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). We find the convening authority, upon the OSTC's deferral of the covered offense, was not at liberty to charge the offense as they did in Specification 1 of the Charge because even though they drafted the charge as a "dereliction of duty," they actually charged the covered offense of sexual harassment. The authority to charge sexual harassment as a crime lies exclusively with the OSTC.

**1. Reported Offense and Coordination with OSTC**

Appellee's alleged conduct gave rise to an official complaint that concluded in a substantiated sexual harassment allegation. The official formal complaint was reported as a sexual harassment offense, investigated as a formal sexual harassment complaint, substantiated as a formal sexual harassment offense, and then coordinated between the servicing legal office and the OSTC as a sexual harassment offense. Captain (Capt) RV submitted to this court for consideration in the issues at bar, a declaration with multiple attachments. Capt RV, an assistant staff judge advocate acting on behalf of the Kadena Air Base, Japan, legal office, coordinated with the OSTC for the conduct forming the alleged offense in issue. In his declaration, Capt RV represented that the Kadena legal office notified the OSTC of the investigation into Appellee in March 2025, "after there were substantiated allegations of sexual harassment." Also in March 2025, according to an email attached to the declaration, the noncommissioned officer in charge for the OSTC informed the Kadena legal office that "[u]pon preliminary review, the reported incident appears to be a covered offense under the provisions of Article 24a, UCMJ," and advised there were special handling requirements for these cases.

An email from the OSTC to the Kadena legal office dated 17 April 2025 stated, "Please see the attached notice of deferral regarding the offenses committed by [Appellee]" and that their office "would likely reconsider the deferral if asked following NJP turndown." The same day, the Kadena legal office staff judge advocate responded to the OSTC stating, "Thank you for sending the notice of deferral to command regarding the *covered offense* in the [Appellee's] case." (Emphasis added). Neither the actual notice of deferral or nonjudicial punishment documents were provided to this court by Appellant. In May 2025, the Kadena legal office notified the OSTC that Appellee had done just that, turned down an offer for non-judicial punishment, seemingly having been based on the conduct comprising the covered offense as Capt RV wrote, "[Appellee] also turned down her NJP" and that "[t]he victim is willing to participate and testify in court-martial proceedings." Attached to Capt RV's Declaration is a Defense Case Management System (DCMS) entry that states:

> 8 Jul 25: 18/WG/JA routed preferral package to [the] OSTC and 5 AF/JA for review on 3 Jul 25. NCOIC, MJ [military justice] reengaged with OSTC on tentative preferral date. OSTC relayed they were waiting on OSTC District 6 Chief to arrive on station and make preferral decision and sign documents. NEXT STEP: OSTC to sign preferral documents

The OSTC again deferred the case back to the command. According to Capt RV's declaration, when the OSTC deferred the case back for a second time, they did so with an indication that the command could prefer charges under

Article 92, UCMJ. Attached to the Declaration is a DCMS entry, dated 15 July 2025 that states, "OSTC deferred case back to command for action and stated that command team could prefer an Article 92 *for sexual harassment*."[5] (Emphasis added).

During oral argument before this court, Appellant argued that "Congress has not said [the Government] can't charge Article 92 for covered offenses or for any other offenses," and further argued that the convening authority was free to charge the underlying conduct by any punitive article he chose, so long as he did not charge it under a specifically covered offense as listed in Article 1(17), UCMJ. For the reasons discussed below, we find this position is too broad and given the statutes governing the issues applicable, does not hold true for the instant case.

In support of its Article 62, UCMJ appeal, Appellant argued that it is clear that DoDI 1020.03 is a punitive instruction. Further, Appellant cited multiple cases for the proposition that sexual harassment is properly charged under Article 92, UCMJ, at the commander's discretion. As we previously stated, this court finds DoDI 1020.03 is a non-punitive policy instruction. We further note that we do not find cases, pre-dating creation of the OSTC, charging "sexual harassment" under Article 92(1) as a violation of a lawful general regulation, as controlling our analysis in this case. *See*, e.g., *United States v. Goodman*, 70 M.J. 396 (C.A.A.F. 2011); *United States v. Pope*, 63 M.J. 68 (C.A.A.F. 2006). The Government's position, with which we do not agree, that the Instruction is punitive and sexual harassment is appropriately charged under Article 92, UCMJ, further supports our position that Specification 1 of the Charge was referred as a sexual harassment offense.

In addition to the Government's treatment of this offense as one of sexual harassment, we find textual support in DoDI 1020.03 for this conclusion. The Government charged Appellee for "willfully failing to refrain from harassing conduct that was sexual in nature which created an offensive environment." The language tracks the language in every version of DoDI 1020.03, and the punitive article of Article 134, UCMJ, when substantiating a sexual harassment allegation, even if slight changes appear in varying versions of the DoDI. The Government avers that the absence of the severe, repetitive, or pervasive element is what makes the specification at issue a proper crime under Article 92, UCMJ. Again, we do not agree. The language may have been left out of the specification, but it is implied by the fact that the Government included in the specification the qualifier that the harassing conduct which was sexual in nature "created an offensive environment." It is the severe, repetitive, or

---

[5] We have no evidence contradicting the OSTC's "approval" to the command to proceed under Article 92, UCMJ, for the alleged sexual harassment offense.

pervasive nature of the behavior at issue that determines whether a reasonable person would perceive the environment to be offensive. *See MCM*, pt. IV, ¶ 107a.b.(3)(c). Unmoored from conduct of a severe, repetitive, or pervasive nature, an "offensive working environment" is standardless and cannot form the basis of a criminal charge for sexual harassment.

With respect to any argument Specification 1 of Charge I states an offense, it clearly states a "covered offense." A plain reading of Article 24a(c)(5), UCMJ, precluded the convening authority from referring the charge and specification to trial by special or general court-martial. Following the statutory scheme of Article 24a, UCMJ, a formal complaint of sexual harassment was made, investigated, and substantiated against Appellee before the legal office coordinated with the OSTC on the substantiated standalone offense of sexual harassment. While Appellant provided select documents to the court in support of its appeal, it did not provide the formal notice of deferral from the OSTC, and we are thus not privy to the reasons why the case was deferred. Nor were we provided the nonjudicial punishment documents, which could potentially shed light on how this offense was specified in that proceeding. However, the SJA's acknowledgment that Appellee's "covered offense" was deferred, along with Capt RV's comment that "[t]he victim is willing to participate and testify in court-martial proceedings," in the absence of contrary evidence, we find Appellee's conduct was treated substantively throughout proceedings as a sexual harassment—a "covered offense."

Moreover, were it not considered a "covered offense," there would have been no reason to again coordinate this case with the OSTC following the NJP turndown. We find it compelling that at no point was Appellee's conduct deemed an offense outside of those listed in Article 1(17), UCMJ. Unlike the other listed offenses, this is not an instance where a special trial counsel must initially determine whether an initial reported offense, undeveloped by a full investigation, constitutes a covered offense. Here, an investigated and substantiated formal sexual harassment complaint was reported to the OSTC, who from initial report to its second deferral, treated it as an offense of sexual harassment, a covered offense. Article 24(a)(5), UCMJ, is a clear statute giving the OSTC exclusive authority over covered offenses. As such, the convening authority was precluded from referring a charge and specification to trial by special or general court-martial for sexual harassment allegations. We view this offense consistent with how we interpret the Government viewed the offense—even as charged under Article 92, UCMJ, as sexual harassment, a covered offense within the exclusive authority of the OSTC.

### 2. Legislative History

Beyond our statutory analysis, we find additional support for our holding in the legislative development of the standalone sexual harassment offense. In

February 2021, the Secretary of Defense announced the creation of a "90-day Independent Review Commission [(IRC)] on Sexual Assault in the Military."[6] In their report published in July 2021, the IRC recommended an office "independent from the chains of command of both the victim and the alleged offender in order to be seen as a neutral and detached decision-maker and be free from outside pressure."[7] Of significance is that the IRC further recommended that "Special Victim Prosecutor[s] should decide whether charges should be preferred in special victim cases" and when a special-victim crime is deferred, a "commander may take any action deemed appropriate, including referral to special or general court-martial, for crimes based on evidence in the case *that are completely unrelated to the special victim crimes in the case*." IRCR 16 (emphasis added). In our estimation, the intent of the IRC's strict prohibition that a commander may only take action that is "completely unrelated to the special victim crimes in the case" translated to a statute that does not necessarily preclude all the known misconduct and offenses that are not covered and remain within the proper purview of the convening authority once the OSTC has deferred the covered offense.

At a senate hearing on the matter, Chairman Jack Reed provided his position, and perhaps the position of other committee members, stating, "Under our bill, no commander will be able to overrule the binding decision of a special trial counsel to prosecute or not prosecute a case." 167 CONG. REC. S9106 (daily ed. Dec. 13, 2021) (statement of Sen. Reed). As we know, the tenets of the IRCR were codified in law—specifically, the laws governing the OSTC cited *infra*. Further, comments such as Chairman Reed's shed light on the fact that the Congress intended for a STC to make final decisions regarding a covered offense. Just because you paint a zebra black and call it a pony does not mean that you are then feeding hay to a pony. In this case, the convening authority was not authorized to refer a sexual harassment covered offense deferred by the STC and circumvent congressional intent, the purpose of the OSTC, and statutes covering the OSTC's exclusive authority by charging the covered offense under Article 92, UCMJ.

Examining the text of Article 24a, UCMJ, the Government's adherence to the requisite standards for processing and disposing of this sexual harassment offense, and intent of Congress, we hold the Government referred a sexual harassment allegation under the catch-all construct of dereliction of duty under

---

[6] Memorandum from Deputy Secretary of Defense on Independent Review Commission on Sexual Assault in the Military Structure and Membership (23 Mar. 2021).

[7] INDEP. REV. COMM'N ON SEXUAL ASSAULT IN THE MILITARY REPORT, HARD TRUTHS AND THE DUTY TO CHANGE: RECOMMENDATIONS FROM THE INDEPENDENT REVIEW COMMISSION ON SEXUAL ASSAULT IN THE MILITARY 8–9 (2021) (hereinafter, IRCR).

Article 92, UCMJ. This is inconsistent with the mandates of Article 24a, UCMJ. Given Specification 1 of the Charge was referred to the court-martial without authority, we deny the Government's appeal before this court.

### III. CONCLUSION

The appeal of the United States under Article 62, UCMJ, is **DENIED**.

The record is returned to The Judge Advocate General for remand to the Chief Trial Judge, Air Force Trial Judiciary, for action consistent with this opinion.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court